Shirley HARPER et al., Relators,

v.

Hon. Ernest CADENHEAD,
Judge, Respondent.

No. 11–95–049–CV.

Court of Appeals of Texas,
Eastland.

Aug. 24, 1995.

Rehearing Denied Sept. 21, 1995.

Don L. Davis, Byrd Davis & Eisenberg, Austin, TX, Mollie C. Nichols, Byrd Davis & Eisenberg, Austin, TX, for Appellants.

Elizabeth Fraley, Fraley & Fraley, Dallas, TX, Ernest Reynolds III, Reynolds & Associates, Fort Worth, TX, Annette Regan Loyd, Reynolds & Associates, Fort Worth, TX, Jonathan Nelson, Broude Nelson & Harrington, Fort Worth, TX, George S. Finley, Smith Carter Rose Finley & Griffis, San Angelo, TX, G. Lee Haney, District Attorney, Brownwood, TX, for Appellee.

OPINION

PER CURIAM.

This is a mandamus proceeding. Relators seek a writ of mandamus directing the trial court to vacate its order dated April 28, 1995, denying two motions to compel the production of certain documents. We conditionally grant the writ of mandamus.

Relators are the plaintiffs in a negligence suit styled Shirley Harper, Cleo Dumesnil Jeffcoat, and Herbert F. Dumesnil, Jr, individually and on behalf of the Estate of Shirley Lorranine Dumesnil, Deceased v. Bruce Leipzig, M.D., William Rainey, M.D., and Brownwood Regional Hospital. Relators sought to compel the hospital and Dr. Leipzig to produce "[a]ll documents (including applications, inquiries and recommendations) concerning the credentialling committee's consideration of Dr. Bruce Leipzig's being given staff privileges at Brownwood Regional Hospital." The trial court conducted an *in camera* inspection of the documents and concluded that the documents were records and proceedings of the hospital's "peer review committee." The trial court then held that the documents were privileged under law and were not discoverable.

Relators argue that the documents which were submitted with Dr. Leipzig's application to practice at the hospital are not subject to the medical records privilege in TEX. HEALTH & SAFETY CODE ANN. § 161.032 (Vernon Supp.1995) and the "peer review committee" privilege in TEX.REV. CIV.STAT.ANN. art. 4495b, § 5.06 (Vernon Pamph.Supp.1995) because these documents were kept in the regular course of the hospital's business and because the credentialling committee was not functioning as a peer review committee. We agree.

The Corpus Christi Court of Appeals recently addressed this issue in *Riverside Hospital, Inc. v. Garza*, 894 S.W.2d 850 (Tex. App.—Corpus Christi 1995, original proceeding). The court conditionally granted a writ of mandamus allowing the discovery of documents supporting Dr. Elliot F. Monroe's application to practice at Riverside Hospital. The court stated:

> [W]e hold that the *initial* credentialling information obtained by Riverside's credentialling committee is *not privileged.* When a physician initially applies for staff privileges, the credentialling committee determines whether he or she is qualified to practice at its hospital. The committee is not, at this point, examining or reviewing events that had occurred at the hospital in order to function as a self-evaluation or critical-review committee of its practices and proceedings. When the committee is determining who should comprise its staff, it is not conducting an internal evaluation of the institution; rather, it is only evaluating a *potential* applicant. Those documents, applications, inquiries, and recommendations regarding whether the credentialling committee should allow Dr. Monroe to practice medicine at Riverside are not privileged. (Emphasis in original)

We agree with the Corpus Christi Court of Appeals that the documents relating to the hospital's decision to grant or deny an application for privileges to practice at a hospital are discoverable.

Relators have established that mandamus is the appropriate remedy because their ability to present a viable claim has been severely compromised, making an appeal an inadequate remedy. *Walker v. Packer,* 827 S.W.2d 833 (Tex.1992). The writ of mandamus is conditionally granted. In the event that the trial court does not rescind its April 28, 1995, order and allow the discovery of the "documents reviewed by the credentialling committee which were not prepared by or at the direction of the committee but which were obtained by the committee such as documents, applications, inquiries and recommendations" regarding Dr. Leipzig's application to practice at the Brownwood Regional Hospital, then the writ of mandamus shall issue.