**BROWNWOOD REGIONAL HOSPITAL and Bruce Leipzig, M.D., Relators,**

v.

**The ELEVENTH COURT OF APPEALS, Respondent (Two Cases).**

Nos. 95–1037, 95–1070.

Supreme Court of Texas.

July 12, 1996.

Jonathan D.F. Nelson, Fort Worth, for Relators in No. 95–1070.

Don L. Davis, Austin, George S. Finley, San Angelo, Ernest Reynolds, III, Fort Worth, Mollie C. Nichols, Austin, for Respondent in No. 95–1070.

Ernest Reynolds, III, Annette Regan Loyd, Fort Worth, for Relators in No. 95–1037.

Don L. Davis, Austin, Elizabeth M. Fraley, Dallas, Jonathan D.F. Nelson, Fort Worth, Mollie C. Nichols, Austin, George S. Finley, San Angelo, for Respondent in No. 95–1037.

## OPINION

PER CURIAM.

The issue in these original proceedings is whether a hospital's records relating to its initial grant of staff privileges to a physician are protected from discovery in a suit that alleges medical malpractice against the physician and negligent credentialing against the hospital. Because we hold that some of the documents at issue are privileged and are protected from discovery under section 5.06 of Texas Revised Civil Statute article 4495b and section 161.032 of the Texas Health and Safety Code, we conditionally grant a writ of mandamus.

Dr. Bruce Leipzig and Brownwood Regional Hospital are defendants in a wrongful death and survival action brought by Shirley Harper, Cleo Dumesnil Jeffcoat, Herbert Dumesnil, Jr., and the Estate of Kathleen Wall, individually and on behalf of the Estate of Shirley Dumesnil (collectively, the Dumesnils). Among other claims, the Dumesnils

allege that Leipzig was negligent in his diagnosis and treatment of Shirley Dumesnil and that Brownwood Hospital was negligent in extending staff privileges to Leipzig.[1] The Dumesnils requested Brownwood Hospital to produce a copy of Leipzig's application for staff privileges, a copy of Brownwood Hospital's bylaws, and minutes of the Board of Trustees or of the credentialing committee, or both, approving Leipzig's application for hospital privileges. The Dumesnils requested Leipzig to produce his application for staff privileges at Brownwood Hospital and any application for clinical privileges at any other Texas hospital. Both Brownwood Hospital and Leipzig objected to these requests on the basis of the privileges in section 5.06 of Texas Revised Civil Statute article 4495b and section 161.032 of the Texas Health and Safety Code. See TEX.REV.CIV. STAT. ANN. art. 4495b, § 5.06; TEX. HEALTH & SAFETY CODE § 161.032. Leipzig later filed a supplemental response indicating that subject to his objections, he had no responsive documents.

The Dumesnils filed a motion to compel, and Brownwood Hospital produced responsive documents for in camera inspection. In accordance with an agreement of the parties, the trial court permitted the Dumesnils to submit a supplemental request for "all documents (including applications, inquiries and recommendations) concerning the credentialing [sic] committee's consideration of Dr. Bruce Leipzig's being given staff privileges at Brownwood" and to treat the request as if it were properly submitted and argued as part of the motion to compel. In response, Brownwood Hospital again objected on the basis of privilege and submitted additional documents for in camera inspection. Leipzig also asserted the privileges, but again indicated that he did not possess any responsive documents. Because it is uncontested that Leipzig did not have any responsive documents, we do not address his claims of privilege in this opinion.

The evidence before the trial court included the testimony of Cindy Orr, Brownwood Hospital's director of quality assessment and improvement, who testified that the Hospital had established a credentialing committee in accordance with its by-laws, rules, and regulations, that physicians applying to the hospital for staff privileges must go through the credentialing committee process, and that the credentialing process included an evaluation of the qualifications of physicians and the quality of patient care they provided. She further testified that the hospital maintains its credentialing records in strict confidence.

After conducting an in camera inspection, the trial court found that the documents submitted by Brownwood Hospital were privileged and denied the Dumesnils' motions to compel production. The Dumesnils then filed an original mandamus proceeding in the court of appeals requesting relief from the trial court's order. In a per curiam opinion that relied primarily on the decision in *Riverside Hospital, Inc. v. Garza*, 894 S.W.2d 850 (Tex.App.—Corpus Christi 1995, orig. proceeding), the court of appeals granted relief and held that documents relating to a hospital's decision to grant or deny an initial application for staff privileges are discoverable. *Harper v. Cadenhead*, 926 S.W.2d 588, 589 (Tex.App.—Eastland 1995, orig. proceeding).[2] Brownwood Hospital and Leipzig have now petitioned this Court for mandamus relief directing the court of appeals to vacate its order.

■ Our decisions today in *Memorial Hospital—The Woodlands v. McCown*, 927 S.W.2d 1 (Tex.1996), and *Irving Healthcare System v. Brooks*, 927 S.W.2d 12 (Tex.1996), control these proceedings. In *Memorial Hospital*, we rejected the argument that the initial credentialing process of a medical peer review committee is not protected from discovery under section 5.06 of article 4495b. 927 S.W.2d at 3–7. With certain exceptions,

---

1. In discussing the claims asserted in this suit, we do not decide whether a cause of action for "negligent credentialing" exists in Texas and if so, its elements. That issue is not before us in this case. *But see Agbor v. St. Luke's Episcopal Hosp.*, 912 S.W.2d 354 (Tex.App.—Houston [14th Dist.] 1995, writ granted).

2. Because the court of appeals did not designate this opinion for publication, we now order the opinion published.

section 5.06 of article 4495b exempts proceedings and records of and communications to a medical peer review committee in connection with a physician's initial application for staff privileges from discovery. *Id.* at 3–4. We also held that records and proceedings of a medical committee regarding initial credentialing were protected under section 161.032 of the Health and Safety Code. *Id.* at 7.

The Dumesnils argue that the trial court's denial of the opportunity to discover the nature and extent of the information provided to Brownwood Hospital's credentialing committee severely compromises their ability to present evidence in support of their negligent credentialing claim. We considered a similar argument in *Irving Healthcare*, in which a doctor complaining that he had been libeled in the credentialing process sought to discover communications to the hospital committees that had rejected his applications for staff privileges. 927 S.W.2d at 15. The Legislature has balanced the need of an individual plaintiff for access to evidence against the need to improve the quality of medical care in this state through the encouragement of effective peer review. *Id.* at 17. A defamation suit, even one that alleges malice, is not among the statutory exceptions to the exemptions from discovery in section 5.06 of article 4495b. *Id.* at 19–20.

Nor does section 5.06 contain an exception for health-care liability actions. To the contrary, section 5.06(s)(1)(3) specifically states:

> In no event may ... reports and records received, maintained, or developed ... by a medical peer review committee ... or by a health-care entity be available for discovery or court subpoena or introduced into evidence in a medical professional liability suit arising out of the provision of or failure to provide medical or health-care services, or in any other action for damages.

Art. 4495b, § 5.06(s)(1)(3). *See also Gustafson v. Chambers*, 871 S.W.2d 938, 949 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding)(in medical malpractice action, documents relating to complaints filed with the State Board of Medical Examiners were protected from discovery under section 5.06(s) of article 4495b).

The protections the Legislature affords to the information sought by the Dumesnils does not necessarily foreclose proof of any claim the Dumesnils may have against Brownwood Hospital. As counsel for Brownwood Hospital pointed out in his argument to the trial court, the Dumesnils are free to pursue information regarding Leipzig and his qualifications from any other available source. For example, information regarding the Arkansas Medical Board's investigation of Leipzig is a matter of public record.

The documents Brownwood Hospital tendered to the trial court consist of (1) the minutes of Brownwood Hospital's Board of Trustees meetings in which Leipzig's applications for initial appointment and subsequent reappointment to Brownwood Hospital's medical staff were considered; (2) Leipzig's applications for initial staff privileges and subsequent reappointment and supporting documentation, including hospital inquiries to various sources and the responses; and (3) the bylaws, rules, and regulations of Brownwood Hospital's medical staff and Board of Trustees.

■ Under the standards articulated today in *Memorial Hospital* and *Irving Healthcare System*, we conclude that the documents in categories (1) and (2) above are privileged from discovery under section 5.06 of Texas Revised Civil Statute article 4495b and section 161.032 of the Health and Safety Code. However, the bylaws, rules, and regulations of Brownwood Hospital's medical staff or Board of Trustees are not protected from discovery under these statutes. These documents are not records, reports, or proceedings of a hospital or medical peer review committee, nor do they reveal communications to such a committee.

■ The nature and extent of the privileges under section 5.06 of article 4495b is a question of law. Other than the bylaws, rules, and regulations of Brownwood Hospital's Board of Trustees or medical staff, the documents submitted by Brownwood are protected from discovery. An order that erroneously compels production of privileged documents may be corrected by mandamus.

*Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992).

Accordingly, pursuant to TEX.R.APP. P. 122, without hearing oral argument, this Court conditionally grants Brownwood Hospital's petition for writ of mandamus in part and directs the court of appeals to vacate its order and to enter an order consistent with this opinion. We overrule Leipzig's petition as moot.