**ARLINGTON MEMORIAL HOSPITAL FOUNDATION, INC. d/b/a Arlington Memorial Hospital, Relator,**

v.

**Hon. Jon BARTON, Judge, 67th District Court, Tarrant County, Texas, Respondent.**

No. 2–97–194–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 29, 1997.

Cantey & Hanger, L.L.P., Evelyn R. Leopold, J. Frank Kinsel, Jr., Jordan M. Parker, Fort Worth, for Relator.

Watson & Parker, P.C., W. Bradley Parker, Michael T. Watson, Fort Worth, for Real Party in Interest.

Before DAUPHINOT, BRIGHAM and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

### INTRODUCTION

Relator Arlington Memorial Hospital Foundation, Inc. d/b/a Arlington Memorial Hospital ("the Hospital") filed this mandamus action after the trial court ordered it to produce what it alleged were privileged medical peer-review documents. Because we find that the Hospital adequately proved, by affidavit, that the documents were indeed privileged medical peer-review documents, the Hospital was entitled to protection from producing those documents. Accordingly, we conditionally grant a writ of mandamus.

### FACTUAL AND PROCEDURAL BACKGROUND

The real party in interest Johnny W. Baird sued the Hospital for allowing a single-use item to be reused in his cataract surgery. Baird filed requests for production and asked for (1) incident reports relating to the care of Baird and the cataract machine; (2) telephone logs of calls between the Hospital, the interested doctors, and the lab that tested the cataract machine; and (3) correspondence between the parties named in the telephone logs. The Hospital objected claiming that the documents were privileged from discovery as medical peer-review documents. After Baird filed a motion to compel, the Hospital submitted the documents for an in camera inspection along with an affidavit from the Vice–President of the Hospital, Sandra Harris.

Harris's affidavit stated that she attends and participates in meetings of the Quality Management Committee of the Hospital. She stated she has personal knowledge of the statements made in the affidavit. The affidavit goes on to list all of the peer-review committees and the responsibilities of such committees. Harris then concluded:

I hereby certify that the documents tendered to the Court by counsel for [the Hospital] constitute confidential documents, communications, and clinical testing done at the behest of the peer review committees of Arlington Memorial Hospital. The documents, communications, and clinical testing constitute proceedings of or

communications to the peer review committees of [the Hospital]. The documents, communications, and clinical testing constitute records received, maintained, or developed by the peer review committees of [the Hospital]. The documents, communications, and clinical testing received by the peer review committees of [the Hospital] were created at the behest of the peer review committees of [the Hospital] and were not gratuitously submitted to such peer review committees. The documents, communications, and clinical testing do not constitute routine business or medical records of [the Hospital].

Baird did not controvert this affidavit in any way or allege that the Hospital had waived the privilege. After reviewing the documents in camera, the trial court overruled the Hospital's objections and ordered the Hospital to produce all the documents by July 22, 1997.[1]

### ADEQUATE REMEDY AT LAW

 Mandamus is an extraordinary remedy and will only issue if the relator has no adequate remedy at law. *See Tilton v. Marshall,* 925 S.W.2d 672, 682 (Tex.1996) (orig.proceeding);*Walker v. Packer,* 827 S.W.2d 833, 843–44 (Tex.1992) (orig.proceeding). A party does not have an adequate remedy at law when an appellate court cannot cure the trial court's erroneous discovery order. *See Walker,* 827 S.W.2d at 843. An appellate court cannot cure the error when a trial court erroneously orders disclosure of privileged information that materially affects the rights of the aggrieved party. *See id.* Thus, the Hospital is entitled to mandamus relief if the trial court abused its discretion.

### ABUSE OF DISCRETION

No one disputes that medical peer-review documents are privileged from discovery under article 4495b unless they are made in the regular course of business:

[A]ll proceedings and records of a medical peer review committee are confidential,

and all communications made to a medical peer review committee are privileged.

. . . .

Unless disclosure is required or authorized by law, records or determinations of or communications to a medical peer review committee are not subject to subpoena or discovery and are not admissible as evidence in any civil judicial or administrative proceeding without waiver of the privilege of confidentiality executed in writing by the committee.

TEX.REV.CIV. STAT. ANN. art. 4495b, § 5.06(g), (j) (Vernon Supp.1997); *see* TEX. HEALTH & SAFETY CODE ANN. § 161.032(c) (Vernon Supp.1997); *Irving Healthcare Sys. v. Brooks,* 927 S.W.2d 12, 18 (Tex.1996) (orig.proceeding) (9–0 decision). Further, "records and proceedings of *a* medical committee are confidential and are not subject to court subpoena" unless the "records [are] made or maintained in the regular course of business by a hospital." TEX. HEALTH & SAFETY CODE ANN. § 161.032(a), (c) (emphasis added). The dispute in this case is whether the Hospital properly pleaded and proved the privilege.

 The burden to establish the privilege is on the party seeking to shield information from discovery. *See Goodspeed v. Street,* 747 S.W.2d 526, 530 (Tex.App.—Fort Worth 1988, orig. proceeding). The party asserting the privilege has the obligation to prove, by competent evidence, that the privilege applies to the information sought. *See id.* An affidavit proving the privilege "must necessarily be descriptive enough to be persuasive, but not so descriptive as to provide the very information sought by the opposing party, should the affidavit fall into such party's hands." Randall E. Butler, *Records and Proceedings of Hospital Committees Privileged Against Discovery,* 28 S. TEX. L.REV. 97, 108 (1987).

 Harris's affidavit, submitted by the Hospital, tracked the language of article 4495b. Harris made her affidavit on personal knowledge and detailed the committees that engage in peer review. She also stated

---

1. At oral argument, counsel for the Hospital stated that the parties had agreed not to act on the trial court's order until we have disposed of this mandamus action. We appreciate counsel coming to this agreement, which removed the necessity of this court issuing a stay.

that peer-review activity includes "investigation and evaluation of the quality of medical and health care services provided at [the Hospital]." She enumerated Baird's production requests and stated that the in camera documents tendered to the court, which would be responsive to the requests, were "records and proceedings of the peer review committees at [the Hospital]." Harris also attached to the affidavit the Hospital's by-laws, rules, and regulations. We find that Harris's affidavit sufficiently raises and proves the peer-review privilege. *See, e.g., Memorial Hosp.—The Woodlands v. McCown,* 927 S.W.2d 1, 11–12 (Tex.1996) (orig.proceeding) (unanimous decision finding "detailed affidavits" and in camera documents satisfied relators' burden of proving peer-review privilege); *Northeast Community Hosp. v. Gregg,* 815 S.W.2d 320, 323 (Tex. App.—Fort Worth 1991, orig. proceeding) (holding that affidavit that "tracked" article 4495b combined with copies of the documents established peer-review privilege).

The affidavit, which alleged and proved the privilege, along with the in camera submission, shifted the burden to Baird to either controvert the affidavit, show that the privilege was waived, or that the documents were made in the ordinary course of business. Baird did none of these things.

Based on the affidavit and the plain language of the statutes that exempt peer-review documents from discovery, we hold that the trial court abused its discretion in ordering the documents produced.

### CONCLUSION

Because the privilege was proved and Baird did not raise any controverting evidence, the trial court had no discretion to order the Hospital to produce the documents. Accordingly, the Hospital is entitled to mandamus relief. We conditionally grant the Hospital's petition for writ of mandamus. A writ will issue only if the trial court does not vacate its July 1, 1997 order granting Baird's motion to compel production of the privileged documents.