COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-095-CV *
 
 
IN 
RE WISE REGIONAL HEALTH SYSTEMS                                   RELATOR
F/K/A 
DECATUR COMMUNITY HOSPITAL
 
  
------------
 
ORIGINAL 
PROCEEDING
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Relator 
Wise Regional Health Systems f/k/a Decatur Community Hospital (the 
“Hospital”) seeks mandamus relief from the trial court’s March 15, 2004 
letter ordering it to produce the credentialing files of two physicians. Because 
we conclude that the Hospital adequately proved that the files are privileged 
and protected from discovery by section 160.007 of the occupations code, we 
conditionally grant the writ of mandamus.
I. BACKGROUND
        In 
December 2002, the sixteen-year-old daughter of real party in interest Kathi 
Brittain died of heart failure thirty-six hours after she was admitted to the 
Hospital. Brittain and Brett Myron Gentry, who both are real parties in interest 
in this proceeding (“RPIs”), sued the Hospital and the girl’s treating 
doctors and nurses for medical malpractice. As the suit progressed, RPIs 
requested “[a]ll written agreements that exist” between the Hospital and 
each of the two defendant doctors, Charles Tibbels, M.D. and Roger Leaton, M.D. 
In its response to RPIs’ discovery request, the Hospital asserted various 
privileges, including the medical peer review committee privilege contained in 
chapter 160 of the occupations code. Tex. 
Occ. Code Ann. § 160.007 (Vernon 2003). RPIs then moved to compel 
discovery.
        The 
Hospital filed a response to RPIs’ motion to compel in which it asserted that 
RPIs’ request for “all written agreements” sought information regarding 
the physicians’ credentialing files and that the files were privileged from 
discovery. The Hospital included with its response an affidavit from Lynn Holt, 
Quality Management Director for the Hospital, stating that the Hospital’s 
credentialing files contained confidential information submitted to the Hospital 
as part of its peer review process and that the Hospital had not waived any 
privilege applying to the credentialing files. Attached to the affidavit were 
the Hospital’s bylaws, medical staff rules and regulations, and quality 
assessment plan.
        At 
the hearing on RPIs’ motion to compel, the Hospital explained that it had an 
agreement with each doctor regarding the specialties that the doctor would 
practice at the Hospital and that these agreements were included within the 
credentialing and peer review files that the Hospital kept on each doctor. The 
Hospital also directed the trial court to its filed response to RPIs’ motion 
to compel in support of its claim of privilege as to the credentialing files. 
After an in camera review, the trial court concluded that the 
credentialing files were not privileged and ordered the Hospital to produce the 
files to RPIs. The Hospital then filed this petition for writ of mandamus.
II. LAW AND APPLICATION TO FACTS
        Mandamus 
will issue to correct a discovery order if the order constitutes a clear abuse 
of discretion and there is no adequate remedy by ordinary appeal. In re 
Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); Walker 
v. Packer, 827 S.W.2d 833, 840-42 (Tex. 1992) (orig. proceeding). A party 
does not have an adequate remedy by appeal when an appellate court cannot cure a 
trial court's erroneous discovery order. Arlington Mem'l Hosp. Found., Inc. 
v. Barton, 952 S.W.2d 927, 929 (Tex. App.—Fort Worth 1997, orig. 
proceeding). An appellate court cannot cure the error when privileged 
information that materially affects the rights of the aggrieved party is 
produced pursuant to a trial court’s erroneous order. Walker, 827 
S.W.2d at 840; Arlington Mem'l, 952 S.W.2d at 929. A trial court has no 
discretion in determining what the law is or in applying the law to the facts; 
therefore, a clear failure by the trial court to analyze or apply the law 
correctly will constitute an abuse of discretion and may result in appellate 
reversal by extraordinary writ. Walker, 827 S.W.2d at 840.
        The 
medical peer review committee privilege protects records or determinations of, 
or communications to, a medical peer review committee unless they are made in 
the regular course of business or the privilege has been waived. Tex. Occ. Code Ann. § 160.007(e); Tex. Health & Safety Code Ann. § 
161.032(f) (Vernon Supp. 2004); Arlington Mem'l, 952 S.W.2d at 929. The 
party asserting the privilege has the burden of proving that the privilege 
applies to the information sought. Arlington Mem'l, 952 S.W.2d at 929. 
Because the nature and extent of the medical peer review privilege is a question 
of law, see Brownwood Reg’l Hosp. v. Eleventh Court of Appeals, 927 
S.W.2d 24, 27 (Tex. 1996) (orig. proceeding), a clear failure by the trial court 
to apply the privilege correctly will constitute an abuse of discretion, see 
Walker, 827 S.W.2d at 840.
        The 
documents at issue in this original proceeding are contained in the doctors’ 
credentialing and peer review files, and the Hospital submitted the affidavit of 
Holt to establish the applicability of the privilege and the documents 
themselves for in camera review. RPIs challenge the Hospital’s 
assertion of the medical peer review committee privilege on various grounds, and 
we will address each in turn.
A. Proving the Privilege
        Without 
citation to authority, RPIs argue that the Hospital did not satisfy its burden 
of proving that the privilege applies because it did not refer the trial court 
to Holt’s affidavit at the hearing on RPIs’ motion to compel or present any 
live testimony. The statute establishing the medical peer review committee 
privilege does not require live testimony; in fact, an affidavit is the usual 
device used by parties asserting the privilege to establish that it applies to 
the information sought. See Arlington Mem’l, 952 S.W.2d at 929. When a 
party requests a hearing on a claim of privilege, the opposing party must 
produce evidence supporting the claim of privilege through “testimony 
presented at the hearing or affidavits served at least seven days before 
the hearing or at such other reasonable time as the court permits.” Tex. R. Civ. P. 193.4(a) (emphasis 
added).
        Here, 
the Hospital attached Holt’s affidavit to its response to RPIs’ motion to 
compel and filed it eight days before the hearing. RPIs filed written objections 
to the affidavit on the day of the hearing, but the record does not reflect that 
RPIs obtained a ruling on their objections. At the hearing, the Hospital 
repeatedly asserted its position that the credentialing files were privileged. 
The Hospital also reminded the trial court that it had filed a response to RPIs’ 
motion to compel that addressed the privilege issue along with a supporting 
affidavit from its quality assurance director. Because the Hospital timely 
served its affidavit as required by rule 193.4(a), filed the affidavit with the 
trial court, and brought the affidavit to the court’s attention at the 
hearing, Holt’s affidavit provides competent evidence establishing the 
Hospital’s claim of privilege. See, e.g., In re Osteopathic Med. Ctr., 
16 S.W.3d 881, 883 (Tex. App.—Fort Worth 2000, orig. proceeding) (considering 
relator’s affidavit in a mandamus proceeding challenging trial court’s order 
on motion to compel, where affidavit was filed in response to the motion to 
compel before the hearing on the motion).
B. Sufficiency of Supporting Affidavit
        RPIs 
also argue that Holt’s affidavit is global and conclusory, rendering it 
insufficient to support the Hospital’s claim of privilege. RPIs complain that 
the affidavit does not “detail” the reappointment process or the 
documentation required or establish that the credentialing materials are 
confidential and accessible only to committee members.
        Our 
review of Holt’s affidavit reveals that it tracks the statutory requirements 
for the medical peer review committee privilege. Holt made her affidavit on 
personal knowledge and detailed the committees that engage in peer review, 
including the Hospital’s Ethics and Credentials Committee. She also stated 
that the Ethics and Credentials Committee “reviews, investigates, and/or 
evaluates information and/or documents regarding the physicians’ credentials, 
competence and/or qualifications, and creates and/or maintains this 
credentialing information by means of physician credentialing files in 
furtherance of the Hospital’s goal to improve patient care and treatment.” 
She further stated that the credentialing files of Dr. Leaton and Dr. Tibbels, 
which were tendered to the trial court for in camera inspection, “were 
submitted to and received by the Ethics and Credentials Committee and have been 
(and continue to be) maintained by the Hospital, on behalf of the Ethics and 
Credentials Committee, as part of the Hospital’s peer review process.” Holt 
also attached to the affidavit the Hospital’s bylaws, rules and regulations, 
and quality assessment plan.
        Despite 
their complaint that the affidavit does not “detail” the reappointment 
process, RPIs have pointed to no statute or case law requiring the Hospital to 
“detail” its reappointment process to claim the medical peer review 
committee privilege. Nevertheless, the Hospital’s bylaws attached to Holt’s 
affidavit do give a detailed description of the credentialing and reappointment 
process and the “Peer Review information” required to be submitted with 
applications and reapplications for appointment.
        RPIs 
also complain that the Hospital did not show that its credentialing files are in 
fact kept confidential because Holt’s affidavit states only that the 
Hospital’s “intent” is that the “credentialing files be maintained by 
the Hospital as confidential and/or privileged.” However, the affidavit also 
states that Holt is responsible for maintaining the credentialing files and that 
she has kept the confidentiality of the files. Therefore, the uncontroverted 
evidence shows not only that the credentialing files are intended to be kept 
confidential but also that they are kept confidential.
        In 
addition to its affidavit, the Hospital also submitted the credentialing files 
to the trial court for in camera review. An affidavit that tracks 
statutory requirements, along with the submission of the documents at issue for in 
camera review, are sufficient to raise the medical peer review privilege. See, 
e.g., Mem’l Hosp.‒The Woodlands v. McCown, 927 S.W.2d 1, 11-12 
(Tex. 1996) (orig. proceeding) (holding that submission of affidavits and 
documents for in camera review satisfied relators’ burden of proving 
peer review privilege); Arlington Mem’l, 952 S.W.2d at 930 (holding 
that affidavit tracking statutory language combined with submission of the 
documents for in camera review established peer review privilege).
C. Applicability of Medical Peer Review Committee 
Privilege
        RPIs 
argue that the Hospital did not show that the documents at issue were sought out 
by or brought to the attention of a hospital committee for purposes of any 
specific investigation, review, or other deliberative proceeding. But the 
medical peer review committee privilege covers “any communication made to a 
medical peer review committee,” Tex. 
Occ. Code Ann. § 160.007(a), not just communications made during the 
course of a specific investigation or an ongoing proceeding. Irving 
Healthcare Sys. v. Brooks, 927 S.W.2d 12, 19 (Tex. 1996) (orig. proceeding). 
Holt’s affidavit establishes that the Hospital’s Ethics and Credentials 
Committee satisfies the statutory definition of a medical peer review committee 
and is entitled to the protection of the privilege because the committee 
operates under the Hospital’s written bylaws and evaluates the quality of 
medical and health care services or the competence of physicians. See Tex. Occ. Code Ann. § 151.002(a)(8) 
(Vernon 2003).
        RPIs 
also assert that the Hospital has failed to demonstrate that the documents at 
issue are not part of its business records. Holt’s affidavit, uncontroverted 
by RPIs, says otherwise:
 
The 
Hospital maintains credentialing files for all physicians providing medical 
services at the Hospital for quality assurance, assessment, improvement and/or 
peer review purposes. Only members of the Ethics and Credentials Committee 
(and/or assistants to or agents thereof) and/or other Committees, or the Board 
of Governors, or as provided for or designated by the Bylaws, have access to 
these credentialing files and these files are kept apart from any patient, 
medical or financial records. The credentialing process, including the creation 
and maintenance of credentialing files, are not part of the Hospital’s regular 
course of business, but rather a function of the quality assurance, assessment, 
improvement and/or peer review process at the Hospital.
 
 
        RPIs 
further complain that the Hospital did not show that the documents “were made exclusively for the hospital’s medical peer 
review committee.” The medical peer review committee privilege applies to all 
communications with a peer review committee, even to unsolicited documents about 
a physician’s qualifications that are submitted without direction from the 
committee. See Irving Healthcare, 927 S.W.2d at 19. The documents in the 
committee’s credentialing files are submitted to and used by the committee to 
evaluate physicians’ credentials, competence, and qualifications and therefore 
qualify for the medical peer review committee privilege even if they are not 
made exclusively for the hospital’s medical peer review committee. See 
id.
        On 
the whole, Holt’s affidavit establishes a prima facie showing that the 
credentialing files at issue are entitled to the claimed privileges, and RPIs 
have offered no evidence to the contrary. Furthermore, in McCown, 927 
S.W.2d at 2, and Brownwood Regional Hospital, 927 S.W.2d at 27, the Texas 
Supreme Court held that the medical peer review committee privilege applied to 
physicians’ credentialing files containing the same type of documents at issue 
in this case.[2]  Nevertheless, the trial court 
below conducted an in camera review of the documents and concluded that 
they were not privileged.
        It 
is true that some documents in the Hospital’s credentialing files are public 
information and can be obtained from sources other than the Hospital’s 
credentialing files.  However, because all records of and communications to 
medical peer review committees are privileged, the source of any otherwise 
discoverable documents cannot be the peer review committee’s files.  Irving 
Healthcare, 927 S.W.2d at 18. Instead, a party must seek the documents and 
communications from another, nonprivileged source. Id.; see also 
Brownwood Reg’l Hosp., 927 S.W.2d at 27.
D. Waiver
        Again 
without citation to authority, RPIs contend that Dr. Tibbels waived any 
privilege applicable to documents responsive to RPIs’ request for all 
agreements between the Hospital and Dr. Tibbels when Dr. Tibbels failed to 
object in his response to a request for production of documents that RPIs served 
on him. The document requests at issue in this petition for writ of 
mandamus, however, are document requests served on the Hospital, not Dr. 
Tibbels; RPIs do not contend that Dr. Tibbels is an agent or employee of the 
Hospital or is otherwise authorized to waive the Hospital’s privilege. 
Furthermore, the medical peer review committee privilege cannot be waived 
without a written waiver executed by the committee, see Tex. Occ. Code Ann. § 160.007(e), and 
RPIs do not contend that a written waiver was ever executed.
        RPIs 
also argue that the Hospital waived its objections to RPIs’ request for all 
agreements between the Hospital and Dr. Leaton by agreeing at the hearing to 
produce employment contracts and compensation agreements without referring to 
Holt’s affidavit. However, we do not construe any agreement by the Hospital to 
produce employment and compensation contracts as a waiver of the privilege over 
the whole of its credentialing files on both defendant doctors. Furthermore, the 
trial court established a procedure at the hearing for reviewing in camera 
responsive documents that the Hospital claimed were privileged and ruling on 
those documents individually, and the Hospital followed this procedure.
        The 
Hospital’s affidavit, which alleged and proved the medical peer review 
committee privilege, along with the in camera submission of the 
credentialing files, shifted the burden to RPIs to controvert the affidavit, 
show that the privilege was waived, or show that the documents were made in the 
ordinary course of business. Arlington Mem’l, 952 S.W.2d at 930. RPIs 
did none of these. Therefore, the Hospital’s credentialing files are protected 
by the medical peer review committee privilege as a matter of law, and the trial 
court abused its discretion when it ordered the production of these privileged 
documents. See Walker, 827 S.W.2d at 840.
III. CONCLUSION
        Because 
we hold that the trial court abused its discretion in ordering production of the 
Hospital’s credentialing files, we conditionally grant the Hospital’s 
petition for writ of mandamus and order the trial court to vacate its March 15, 
2004 order requiring production of materials that were submitted to the trial 
court for in camera inspection. A writ of mandamus will issue only if the 
trial court fails to comply with this opinion.
 
  
                                                                  BOB 
MCCOY
                                                                  JUSTICE
  
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
DAUPHINOT, 
J. filed a concurring opinion.
 
DELIVERED: 
July 15, 2004

 
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-095-CV
 
  
IN 
RE WISE REGIONAL HEALTH SYSTEMS                                   RELATOR
F/K/A 
DECATUR COMMUNITY HOSPITAL
 
  
------------
 
ORIGINAL 
PROCEEDING
 
------------
 
CONCURRING OPINION
 
------------
        I 
concur with the majority’s result; however, I would hold that the trial court 
abused its discretion for a more fundamental reason: it ordered the production 
of documents not requested by RPIs.
        RPIs 
requested all written agreements between the Hospital and each of the two 
doctors. After the Hospital asserted that the only agreements were the 
credentialing files submitted as part of the peer review process, the 
conscientious trial judge examined the peer review file and removed all 
documents except the credentialing documents now before this court.
        The 
credentialing documents consist of the physicians’ requests to be allowed to 
practice in certain areas of medicine and the hospital’s grant or denial of 
the requests. The documentation supporting the grant or denial of the requests 
consists merely of checkmarks. There are no details or explanations supporting 
either the requests or the responses. For these reasons, I would hold that the 
credentialing documents before this court, despite the Hospital’s assertions 
here and at the trial court, are not written agreements requested by RPIs.
        Nevertheless, 
as the majority points out, the medical peer review committee privilege covers 
any communication made to a medical peer review committee.[1]  
Furthermore, the Texas Supreme Court has held that the credentialing process is 
a peer review activity subject to the privilege.[2]
        Consequently, 
while I must agree that ordering the production of the privileged documents was 
an abuse of discretion, I would hold that the more fundamental abuse of 
discretion was the ordering of unrequested documents.[3]  
I would conditionally grant mandamus on that ground.
  
  
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
 
 
DELIVERED: 
July 15, 2004
 

* 
Majority Opinion by Justice MCCOY; Concurring Opinion by Justice DAUPHINOT
NOTES
MAJORITY OPINION NOTES:
1.  
See Tex. R. App. P. 47.4.
2.  
RPIs’ attempt to distinguish Brownwood on the grounds that it involved 
a medical committee’s initial credentialing decision, while this case involves 
a medical committee’s decision to renew privileges of a doctor already 
practicing at the Hospital, is without merit. See McCown, 927 S.W.2d at 
3-7 (holding that no distinction exists between proceedings of a medical peer 
review committee concerning the clinical privileges of a physician already on 
staff and proceedings on an initial application for staff privileges).
 
CONCURRING OPINION NOTES:
1.  
Tex. Occ. Code Ann. § 160.007(a) (Vernon 2003); Irving 
Healthcare Sys. v. Brooks, 927 S.W.2d 12, 19 (Tex. 1996) (orig. proceeding).
2.  
Mem’l Hosp.—The Woodlands v. McCown, 927 S.W.2d 1, 3 (Tex. 1996) 
(orig. proceeding).
3.  
See Gen. Motors Corp. v. Lawrence, 651 S.W.2d 732, 734 (Tex. 1983) (orig. 
proceeding); Enos v. Baker, 751 S.W.2d 946, 948 (Tex. App.—Houston [14th 
Dist.] 1988, orig. proceeding).