In The


Court of Appeals


Ninth District of Texas at Beaumont





NO. 09-04-314 CV







IN RE LIBERTY-DAYTON HOSPITAL, INC. and SEAN STRICKER









Original Proceeding






O P I N I O N



 We have before the court a petition for writ of mandamus filed by Liberty-Dayton
Hospital, Inc. and Sean Stricker, litigants in a suit pending in the 75th Judicial District Court
of Liberty County, Texas, Cause No. CV66166, styled Linda Harp, Individually and on
Behalf of the Estate of Ronald Harp, Willie M. Harp, Leaddies V. Harp, Rhonda Lee
Buchanan and Mike Harp v. Merrimon Baker, M.D., Merrimon Baker, M.D., P.A., Liberty-Dayton Hospital, Sean Stricker, Dr. Stephen Sims, Pain Management Clinic, and Huntsville
Memorial Hospital. Relators seek a writ compelling the Honorable C.T. Hight, Judge of the
75th Judicial District Court, to vacate his order of June 18, 2004, compelling responses to
Plaintiffs' Request for Admission (RFA) 1-49 and Request for Production (RFP) 1-10, 18-22,
24, 25, and 29. 

REQUEST FOR ADMISSIONS


 RFA 46, 47 and 48 are identical to RFA 43, 44, and 45, respectively, so are not
addressed. In Relators' First Supplemental Objections and Responses to Plaintiffs' Request
for Admission, a response of "admit" is given for RFA 49. Therefore it also is not addressed. 

 RFA 13-15 asks Relators to admit Sean Stricker (1) was the administrator from May
1, 2000 through May 1, 2001, (2) attended all the medical staff credentialing committee
meetings and provided input to the credentialing process, from December 1998 through May
1, 2001, and (3) was an active participant in all medical staff peer review related committee
meetings, from December 1998 through May 1, 2001. In their petition, Relators make no
argument as to these requests and Stricker's affidavit, Exhibit 16, provides this information. 
Accordingly, we discern no grounds for relief as to RFA 13-15.

 Relators rely on Tex. Occ. Code Ann. § 160.007 (Vernon 2004), Irving Healthcare
System v. Brooks, 927 S.W.2d 12 (Tex. 1996) (orig. proceeding), and Brownwood Regional
Hosp. v. Eleventh Court of Appeals, 927 S.W.2d 24, 27 (Tex.1996) (orig. proceeding), in
asserting the remaining requests seek privileged information. RFA 1-12 asks Relators to
admit the Hospital administrator and Sean Stricker received, read and reviewed the Mithoff
Letter (1) and Attachments, on or about June 2, 2000. Similarly, RFA 16-27 calls for admission
that the Hospital administrator and Sean Stricker did not receive, read and review the Mithoff
Letter and Attachments, on or about June 2, 2000. RFA 28-33 asks Relators to admit the
Hospital administrator and Sean Stricker received the Houston Chronicle for April 8, 2000
on or about April 8, 2000, and read and reviewed the Baker Article (2) on or about April 8,
2000. RFA 37-42 asks Relators to admit that at least one member of the Credentialing
Committee and the Peer Review Committee received the Houston Chronicle for April 8,
2000 on or about April 8, 2000, and read and reviewed the Baker Article. RFA 34-36 and
43-45 ask for the same admission regarding the Board of Directors and the Medical Staff.

 Section 160.007(a) provides "any communication made to a medical peer review
committee is privileged." In Irving, 927 S.W.2d at 18, the Texas Supreme Court declared
"deposition questions inquiring about communications to a peer review committee and what
the committee considered are objectionable because that information is included within 'all
proceedings of' and 'all communications made to' a medical peer review committee." We
see no reason to distinguish requests for admission from deposition questions. Accordingly,
we find the trial court erred in compelling Relators to respond to Plaintiffs' RFA 1-12, 16-33
and 37-42.

 We are not informed as to whether the members of the Board of Directors and the
Medical Staff (RFA 34-36 and 43-45) are also members of the Credentialing Committee and
the Peer Review Committee. It would seem obvious that all members are not, and just as
obvious that some must be. For those that are, privilege would apply as discussed above. 
As to the rest, in addition to asserting privilege, Relators objected to these admissions on the
grounds the discovery sought is so overbroad that it seeks information neither relevant nor
reasonably calculated to lead to the discovery of admissible evidence. See In re CSX Corp.,
124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) ("discovery requests must be
'reasonably tailored' to include only relevant matters"). In light of Plaintiffs' allegations, the
relevance of whether a member of the Board of Directors or the Medical Staff received, read,
or reviewed the Baker Article if that person is not also a member of the Credentialing
Committee or the Peer Review Committee is not immediately apparent. (Plaintiffs' response
to the petition makes no argument on this issue.) For these reasons, we find the trial court
erred in compelling Relators' responses RFA 34-36 and 43-45.



REQUEST FOR PRODUCTION


 In their response, Plaintiffs withdraw their RFP 1, 3, 5, 7, and 10. In their Reply to
Plaintiffs' Response, Relators have attached their Third Supplemental Objections and
Responses to Plaintiffs' Request for Admission. No objection is made regarding RFP 2, 4, (3)
6, 8, 9, and 29. The remaining requests for which Relators sought relief in their petition are
18-22, 24, and 25. (4) 

 18. Any and all Art. 4590i claim letters sent to you in any way concerning
the alleged malpractice of Dr. Baker. 


 19. Any and all petitions alleging negligent credentialing based upon Dr.
Baker filed against you from 1997 to present.

 

 20. Any and all documents listing or identifying the members of your
medical staff, peer review committee, and board of directors from 1997
through 2002. 


 21. Any and all documents concerning the revenue you billed or received
from operations performed by Dr. Baker as stated existed by the
administrator.

 

 22. Any and all documents concerning the dates of operations Dr. Baker
performed at Liberty Dayton Hospital as stated existed by the
administrator.


 . . . .


 24. Any and all documents that indicate the type of staff privileges that Dr.
Baker had at your hospital from 1994 to the present, including any
periods of suspension, reactivation, and limitation.

 

 25. Any and all letters of resignation or surrender authored by Dr. Baker of
his staff privileges at your hospital.


To these requests, Relators assert Peer Review and Hospital Committee Privileges, pursuant
to Tex. Occ. Code Ann. § 160.007 (Vernon 2004), and Tex. Health & Safety Code Ann.
§ 161.032 (Vernon Supp. 2004). Relators claim these requests "seek responses calculated
to prove what the Peer Review Committee of Liberty-Dayton reviewed when allowing Dr.
Baker staff privileges." At the hearing on the motion to compel, defense counsel said it was
not the documents to which they were asserting privilege. Rather, it was the question of
communication, if any, of the information in the documents to the committee that was
privileged. As noted above, information concerning the communications to a peer review
committee and what information the committee considered fall within the purview of the
privilege. See Irving, 927 S.W.2d at 18. However, the request for production are for
documents, and in their petition Relators do not explain how each of the items enumerated
would be encompassed by the peer review privilege. 

 "The burden to establish the privilege is on the party seeking to preclude documents
from discovery on this basis. To that end, the party has the obligation to prove, by competent
evidence, that the privilege applies to the information sought. This is generally accomplished
by affidavit. An affidavit filed as proof of the privilege must necessarily be descriptive
enough to be persuasive." In re Osteopathic Med. Ctr. of Tex., 16 S.W.3d 881, 884 (Tex.
App.--Fort Worth 2000, orig. proceeding)(citations omitted) (citing Arlington Mem'l Hosp.
Found, Inc. v. Barton, 952 S.W.2d 927, 929 (Tex. App.--Fort Worth 1997, orig.
proceeding)). Stricker's affidavit does not address the documents requested. He does not
claim the documents sought were created by and/or at the direction of either the Peer Review
Committee or the Credentialing Committee or that they were generated for committee
purposes. See In re University of Tex. Health Ctr. at Tyler, 33 S.W.3d 822, 825 (Tex. 2000)
(orig. proceeding); In re WHMC, 996 S.W.2d 409, 413 (Tex. App.--Houston [14th Dist.]
1999, orig. proceeding). As the Supreme Court noted in Irving, "[t]he statute does not
prohibit discovery from alternative sources." Id., 927 S.W.2d at 18. Documents do not
become privileged simply by being reviewed or acquired by the review committee. See id. 
See also In re Pack, 996 S.W.2d 4, 7 (Tex. App.--Fort Worth 1999, orig. proceeding). 
Information cannot be cloaked in confidentiality by first filtering it through the review
process. See Capital Sr. Man. 1, Inc. v. Tex. Dep't of Human Serv., 132 S.W.3d 71, 78 (Tex.
App.--Austin 2004, pet. filed). 

 All of the documents requested do not appear, on their face, to be privileged. RFP 20,
for example, requests documents which would identify the members of the medical staff,
peer review committee, and board of directors from 1997 to 2002. The identity of the
members of the committee is not privileged under the statute. See Santa Rosa Medical
Center v. Spears, 709 S.W.2d 720, 724 (Tex. App.--San Antonio 1986, no writ). Therefore,
we cannot say that on their face each of the requests are for documents that are "[t]he records
and proceedings of a medical committee" and are therefore privileged. Tex. Health &
Safety Code Ann. § 161.032(a) (Vernon Supp. 2004). Furthermore, by its very terms,
section 161.032 and "Subchapter A, Chapter 160, Occupations Code, do not apply to records
made or maintained in the regular course of business . . . ." Tex. Health & Safety Code
Ann. § 161.032(f) (Vernon Supp. 2004). However, some of the requests are for documents
that are not business records of the hospital and would be of obvious interest to the Peer
Review Committee or the Credentialing Committee, (i.e., RFP 18 and 19, 24 and 25). 

 The record reflects the documents were not submitted for in camera inspection, as is
usual in these situations. See In re University of Tex. Health Ctr. at Tyler, 33 S.W.3d at 824;
Memorial Hosp.-The Woodlands v. McCown, 927 S.W.2d 1, 3 (Tex. 1996) (orig.
proceeding); Irving, 927 S.W.2d at 15; Brownwood, 927 S.W.2d at 26; In re Osteopathic
Med. Ctr. of Tex., 16 S.W.3d at 884; In re WHMC, 996 S.W.2d at 411. We are therefore
unable, as was the trial court, to evaluate whether the requested documents are within the
statutory privilege. Accordingly, we cannot determine whether mandamus relief is 
appropriate under the current state of the record and the brief. (5) See Irving, 927 S.W2d at 21-22. We are confident, however, the trial court will conduct an examination of the documents
in question to determine which documents, if any, are discoverable.

 We conditionally grant Relators' petition for writ of mandamus in part. We direct the
trial court to vacate its order requiring Relators to respond to Request for Admissions 1-12
and 16-45 and to conduct further proceedings consistent with this opinion.

 WRIT GRANTED IN PART.

 PER CURIAM


Submitted August 11, 2004

Opinion Delivered August 31, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Exhibit 1 of Relators' petition constitutes a letter from plaintiffs' attorney, Richard
Mithoff, in a case styled Romero v. KPH Consol., Inc. d/b/a/ Columbia Kingwood Medical
Center, to the Texas Board of Medical Examiners regarding the verdict and advising
immediate suspension of Dr. Baker's license. The letter, dated May 31, 2000, was copied to
the Administrator of Liberty-Dayton Hospital and a receipt for certified mail is included. See
KPH Consol., Inc. v. Romero, 102 S.W.3d 135 (Tex. App.--Houston [14th Dist.] 2003, pet.
granted). 
2. An article on the Romero lawsuit ran in the Houston Chronicle on April 8, 2000. 
3. Relators have responded to RFP 4 with a redacted version of the documents sought. 
At present, we do not have a complaint from Plaintiffs the response is inadequate.
4. We do not address any additional RFP that are complained of in Relators' Reply as
it has not been shown they have been presented to the trial court and the petition has not been
amended. 
5. Particularly in light of Relators' Third Supplemental Objections and Responses to
Plaintiffs' Request for Admission, which was filed after this petition for writ of mandamus
and raises additional objections.