NUMBER 13-07-052-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


IN RE: KNAPP MEDICAL CENTER


 


On Petition for Writ of Mandamus


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez
 


 This mandamus involves a pre-trial discovery dispute. Relator, Knapp Medical
Center ("Knapp"), complains that the trial court granted only part of the relief requested by
Knapp in its motion for protective order. Knapp contends the trial court failed to protect
information that is privileged under the peer review and medical committee privileges. (1) 
Because we cannot determine, on the record before us, that the trial court abused its
discretion, we deny Knapp's petition. 

Background


 Real parties in interest (2) are physicians who formerly provided emergency-room
services to Knapp. In 1999, Knapp contracted with a new emergency-room services
provider; real parties were not included among the physicians providing services under the
new contract. Real parties sued Knapp, alleging defamation, tortious interference with an
existing or prospective contract, and civil conspiracy. (3)

 In the course of written discovery, real parties requested numerous documents,
including "all peer review, reports, proceedings, and findings" regarding themselves during
their tenure at Knapp. At the deposition of Terry Bergstrom, Knapp's Chief Operating
Officer, Knapp's counsel objected and instructed Bergstrom not to answer various
questions concerning meetings of Knapp's Emergency Room Committee or Executive
Committee regarding real parties. Knapp filed a "Motion for Protective Order to Exclude
Privileged Peer Review Evidence," in which it requested a protective order precluding real

parties from:

(1) eliciting or compelling any testimony from witnesses regarding
communications to or from committees, including but not limited to the
Emergency Room Committee and/or Executive Committee;


(2) eliciting or compelling any testimony from witnesses regarding reports or
records received, made or developed to the Emergency Room Committee
and/or Executive Committee, members of the medical staff and board of
Knapp Medical Center; and 


[(3)] [p]roducing or attempting to introduce any documentary evidence
concerning any and all reports or records received, made, or developed by
the Emergency Room Committee or the Executive Committee, and any
communications to/from the respective committees.


[(4)] Any such other relief to which it shows itself justly entitled. 

 

 At a hearing on Knapp's motion on May 11, 2006, Knapp submitted certain
documents to the court for in camera inspection. The submitted documents are not
included in the record before this Court. On January 19, 2007, the trial court granted
Knapp's motion "only as to the documents submitted for in-camera review." In its
mandamus petition, Knapp argues:

Because the trial court's order is limited only to the written documents, Real
Parties in Interest may parade the individual physicians and/or medical staff
before the court to elicit testimony regarding any oral communications or
opinions expressed to the Emergency Room Committee and the Executive
Committee regarding [real parties'] qualifications, professional conduct,
and/or the quality of patient care that either of them provided. As such, Real
Parties in Interest may back-door the substance of the communications
made to the peer review committee and discover what the committee
considered in conducting the evaluation protected by the statutes. 


Knapp requests this Court to direct the trial court to "issue a protective order excluding all
privileged communication and information." 

Discussion


 Mandamus will issue to correct a discovery order if the order constitutes a clear
abuse of discretion and there is no adequate remedy by ordinary appeal. (4) A party does
not have an adequate remedy by appeal when an appellate court cannot cure the trial
court's erroneous discovery order. (5) An appellate court cannot cure the error when a trial
court erroneously orders disclosure of privileged information that materially affects the
rights of the aggrieved party. (6)

 "The medical peer review committee privilege protects records or determinations of,
or communications to, a medical peer review committee unless they are made in the
regular course of business or the privilege has been waived." (7) As the Texas Supreme
Court has noted, 

A litigant should not be able to discover through a back door the substance
of the proceedings of a peer review committee and what that committee had
before it in arriving at its decisions. Similarly, deposition questions inquiring
about communications to a peer review committee and what the committee
considered are objectionable because that information is included within "all
proceedings" of and "all communications made to" a medical peer review
committee. (8)


 We agree with Knapp that real parties may not "back-door the substance of the
communications made to the peer review committee" by eliciting testimony from witnesses
regarding privileged information. 

 At this stage of the proceedings, however, the trial court has granted Knapp some,
but not all, of the relief it requested in its pre-trial motion for protective order. The trial has
not begun. (9) A privilege can be asserted at any stage of a legal proceeding. (10) We decline
to construe the trial court's order as a final ruling on the admissibility of witness testimony 
concerning privileged information during trial. Accordingly, we conclude the trial court has
not abused its discretion, and we deny Knapp's petition for writ of mandamus. We also
hereby lift the stay previously ordered by this Court. 



 

 LINDA REYNA YAÑEZ,

 Justice






Memorandum Opinion delivered and filed 

this the 13th day of March, 2008.


 

 


 
1. See Tex. Occ. Code Ann. § 160.007(e) (Vernon 2004); Tex. Health & Safety Code Ann. § 161.032
(Vernon Supp. 2007). 
2. Real parties in interest are Audrey L. Jones, D.O., individually and t/d/b/a Southwestern Health
Dynamics, P.A., a Texas corporation, and Nga Goodahl, D.O., individually and t/d/b/a Nga Goodahl, D.O., P.A. 
This Court requested any response by real parties to be filed by February 5, 2007; however, no response was
filed. 
3. Real parties allege they were "blackballed" by physician members of Knapp's Executive Committee,
and were subsequently excluded from the emergency-room staff. Real parties initially sued other defendants
and alleged other causes of action; however, Knapp is the only remaining defendant and the remaining
causes of action are those listed. 
4. In re Osteopathic Med. Ctr., 16 S.W.3d 881, 885 (Tex. App.-Fort Worth 2000, orig. proceeding) 
(citing In re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); Walker v. Packer, 827
S.W.2d 833, 840-42 (Tex. 1992) (orig. proceeding); Arlington Mem'l Hosp. Found., Inc. v. Barton, 952 S.W.2d
927, 929 (Tex. App.--Fort Worth 1997, orig. proceeding)). 
5. Id. 
6. Id. 
7. Martinez v. Abbott Labs., 146 S.W.3d 260, 265 (Tex. App.-Fort Worth 2004, pet. denied) (citing Tex.
Occ. Code Ann. § 160.007(e) (Vernon 2004) (emphasis added)); see also In re The Univ. of Tex. Health Ctr.
at Tyler, 33 S.W.3d 822, 825 (Tex. 2000) (orig. proceeding); In re Osteopathic Med. Ctr., 16 S.W.3d at 885. 
8. Irving Healthcare Sys. v. Brooks, 927 S.W.2d 12, 18 (Tex. 1996) (orig. proceeding). 
9. On January 26, 2007, this Court stayed proceedings in the trial court pending disposition of the
petition for writ of mandamus. At the same time, the parties entered into a Rule 11 agreement agreeing to 
a continuance of the trial pending disposition of the original proceeding. 
10. See Tex. R. Civ. P. 193.4(a) (providing that a party may "at any reasonable time request a hearing
on an objection or claim of privilege asserted under this rule").