**GRANT; and Opinion Filed May 9, 2013.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-13-00134-CV**
_____

**IN RE METHODIST DALLAS MEDICAL CENTER, Relator**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 12-07504-L**

**MEMORANDUM OPINION**

Before Justices Moseley, Francis, and Fillmore
Opinion by Justice Francis

Relator Methodist Dallas Medical Center (Hospital) seeks mandamus relief from the trial court's order compelling production of a "Confidential Quality Review Occurrence Report" it claims is excluded from discovery by the medical committee and peer review privileges. After examining the Occurrence Report, we conclude the Hospital has adequately proven, by privilege log and accompanying affidavit, that the Occurrence Report is subject to the medical committee privilege. We conditionally grant relief.

Evonne Castillo, a visitor to the Hospital, filed a premises liability suit against the Hospital alleging damages occurred after she slipped and fell on Hospital premises. During discovery, she sought the production of "any and all 'incident' reports made by [Hospital], its agents or employees related to the occurrence made the basis of this lawsuit" and "[a]ll investigative reports done not in anticipation of litigation." The Hospital objected to production of the "Confidential Quality Review Occurrence Report." The Hospital provided a privilege log

listing the Occurrence Report as being withheld because it was subject to the peer review committee privilege and credentialing committee privilege, the hospital committee privilege, and/or the confidentiality provisions of the Health Care Quality Improvement Act, 42 U.S.C. §11101–52. The Hospital also filed the affidavit of Dr. Adam Myers in support of its privilege claim. After a hearing and in camera review, the trial court ordered production of the Occurrence Report.

Mandamus will issue to correct a discovery order if the order constitutes an abuse of discretion for which there is no adequate remedy by ordinary appeal. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A party does not have an adequate remedy by appeal when an appellate court cannot cure the trial court's erroneous discovery order. *Arlington Mem'l Hosp. Found., Inc. v. Barton,* 952 S.W.2d 927, 929 (Tex. App.—Fort Worth 1997, orig. proceeding). An appellate court cannot cure the error when a trial court erroneously orders disclosure of privileged information that materially affects the rights of the aggrieved party. *See Walker*, 827 S.W.2d at 840; *Arlington Mem'l*, 952 S.W.2d at 929. Thus, the Hospital is entitled to mandamus relief in this instance if the trial court abused its discretion in compelling production of privileged documents.

The medical committee and medical peer review committee privileges provide that documents created for such committees are privileged from discovery unless the document was made in the regular course of business or the privilege has been waived. *See* TEX. OCC. CODE ANN. § 160.007 (West 2012); TEX. HEALTH & SAFETY CODE ANN. § 161.032 (West 2010). Texas law permits the governing body of a hospital to form a medical committee and medical peer review committee to evaluate the hospital's medical and health care services. TEX. HEALTH & SAFETY CODE ANN. § 161.0315(a) (West 2010). A "medical committee" includes any committee

of a hospital. TEX. HEALTH & SAFETY CODE ANN. § 161.031 (West 2010). The nature and extent of the medical committee privilege and medical peer review committee privilege is a question of law. *See Arlington Mem'l,* 952 S.W.2d at 929. While medical privileges are important in promoting free discussion in the evaluation of health care professionals and health services, the right to evidence is also important, and therefore privileges must be strictly construed. *Mem'l Hosp.-The Woodlands v. McCown,* 927 S.W.2d 1, 7 (Tex. 2006) (orig. proceeding). The burden to establish the privilege is on the party seeking to exclude documents from discovery on that basis, and competent evidence must be presented to prove the privilege applies to the information sought. *See id.* A privilege log, along with accompanying affidavit and representative sample of the documents, is generally sufficient to prove the application of the privilege. *See In re Living Ctrs. of Tex., Inc.,* 175 S.W.3d 253, 261 (Tex. 2005). The affidavit filed as proof of the privilege must necessarily be persuasive. *See Arlington Mem'l,* 952 S.W.2d at 929.

The two-page Occurrence Report at issue is a pre-printed form of the Hospital. The first page is titled "Occurrence Report Form" and states "Confidential Quality Review Committee Document (NOT PART OF MEDICAL RECORD)." It lists the name and identifying information of Castillo, the date and location of the occurrence, and a description of the occurrence and treatment provided; it is signed by a nurse of the Hospital. The second page provides pre-printed instructions only and states that an occurrence is any event not consistent with routine medical care and/or operation of the hospital and related facilities, or a visitor injury. The person filling out the form is directed not to retain a copy of the Occurrence Report and not to give it to anyone other than risk management.

Dr. Myers's affidavit provides that he is the chief medical officer at Methodist Health System with personal knowledge of the facts contained in the affidavit. He is personally familiar

–3–

with and has "participated in the oversight of the credentialing, clinical risk management, and quality assurance process" of the Hospital and the making and keeping of records in connection with those matters. The affidavit details the creation of the Hospital's quality review committee, a subcommittee of the Hospital's board of directors, and describes the committee as the apex for the quality assurance program at the Hospital. The committee provides general governance for the quality of service, including safety issues, on the hospital premises including the professional buildings. The committee investigates "accidents or exposures involving employees, patients or visitors" and "incidents and events involving the safety or security of persons or property." The committee reports its findings to the Hospital board of directors and makes recommendations for quality of care. Occurrence Reports are prepared under the authority and direction of the committee and constitute confidential quality review committee documents and, along with the other documents of the committee, are not public records of the Hospital. Occurrence Reports are not created in the regular course of business and are not part of a patient's medical file. The only copy of the document, except for the one submitted to the court for in camera review, is kept and maintained by the quality review committee.

Through its privilege log and Myers's affidavit, relator met the standard for claiming medical committee privilege. *See In re WHMC,* 996 S.W.2d 409, 411 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding); *Arlington Mem'l,* 952 S.W.2d at 928-29. The trial court, however, determined the Occurrence Report was not protected by privilege.

At the hearing on the motion to compel and in her response, Castillo argues neither the medical committee nor the medical peer review committee privilege applies because Castillo was a visitor to the hospital and not a patient, and the Occurrence Report is not a medical review of a physician or other medical personnel and was, necessarily, made in the ordinary course of business by a nurse of the Hospital. She contends no authority supports applying either privilege

–4–

to documents generated in a slip-and-fall premises liability case or in a case involving a visitor to a hospital.

The Hospital cites us to two cases involving the application of medical committee and the medical peer review committee privileges protecting occurrence reports prepared by hospitals in slip-and-fall premises liability cases, both supporting the privilege argument.

The first case, *In re Christus Health Southeast Texas*, No. 09-06-00515-CV, 2007 WL 17727 (Tex. App.–Beaumont Jan. 18, 2007, orig. proceeding), involved a slip-and-fall on hospital premises. Christus hospital sought mandamus relief from the trial court's order to produce "variance" reports prepared for the hospital's safety committee, an investigation report and employee handbooks. 2007 WL 117727, *1. The affidavit prepared by the hospital's manager of risk management stated that, among other duties, the safety committee was authorized to investigate "accidents involving visitors" and the quality assessment variance report forms generated by such investigations were confidential documents kept apart from patient records and financial records. The manager identified eighty-seven documents in the privilege log as documents generated by hospital staff "for the purpose of evaluation, by the safety committee, and to further its investigation, if necessary, of the safety provided" at the hospital. *Id*. The court noted a privilege log and affidavit were generally sufficient to show the application of the privilege. The hospital manager's affidavit established the safety committee was a medical committee and the committee's records were, therefore, not prepared in the normal course of business, and were confidential and not subject to discovery. *Id*.

In the second case, *In re Osteopathic Medical Center of Texas,* 16 S.W.3d 881, 883 (Tex. App.—Fort Worth 2000, orig. proceeding), the hospital objected to the disclosure of accident and investigative reports prepared after Maxine Erickson slipped and fell at a rehabilitative facility owned and operated by the hospital but staffed by another entity. Citing the medical peer

–5–

review committee privilege, the hospital filed the affidavit of Dr. Bryce Beyer, chairman of the medical peer review committee. *Id*. at 884. Beyer's affidavit said the medical peer review committee evaluated cases involving patient care. The reports in question were prepared immediately following an unusual occurrence, forwarded to the Hospital Quality Council Committee for analysis, and then to him as chairman of the peer review committee. According to Beyer's affidavit, the reports were not routine business or medical records of the hospital, and were not part of a patient's medical chart. After an in camera inspection of the documents, the trial court ordered production of the Patient Quality Event Tracking Report and the Security Services Incident Report. The hospital sought mandamus relief from this order. *Id*. at 883.

The Fort Worth Court of Appeals concluded it was clear from the face as well as content of the Patient Quality Event Tracking report that the report was made exclusively for the hospital's medical peer review committee and Beyer's uncontroverted affidavit supported that interpretation. *Id*. at 886. Both documents were on pre-printed forms of the hospital and were completed after the incident. The Patient Quality Event Tracking Report reflected the time and location of the incident, the patient's condition before the fall, the nature of the occurrence, post-occurrence treatment, witnesses and a description of the occurrence. The document stated, "Do Not Copy," "For Quality Assurance Committee Use Only," and "Not Part of a Patient's Record." *Id*. Conversely, the court concluded it was not clear from the face or content of the Security Services Incident Report that it was necessarily prepared by or for the hospital's peer review committee for purposes of investigating occurrences, and instead appeared to have been "prepared as a routine matter by the Hospital's security department for purposes of general information gathering." *Id.*

Erickson argued the peer review privilege was inapplicable because the underlying claim was premises liability instead of medical malpractice or health care liability. *Id*. at 885. The

Fort Worth Court of Appeals, noting the lack of authority limiting the application of privilege to specific causes of action, concluded that once the party resisting disclosure satisfied the burden of establishing privilege, the privilege "may be applicable in a premises liability case." *Id.* The court stated the assertions made in the doctor's affidavit were uncontroverted.

The Fort Worth Court of Appeals also rejected Erickson's argument that the Patient Quality Event Tracking reports were the type kept in the ordinary course of business and did not relate "to the quality of medical or health care services or to the competence of medical or health care providers." *Id.* The court reasoned that, for the purpose of peer review analysis, "records made or maintained in the regular course of business" means "records kept in connection with the treatment of [a hospital's] individual patients as well as the business and administrative files and papers apart from committee deliberations." *Id.* The court concluded the Patient Quality Event Tracking Report was generated to facilitate the hospital's peer review committee function of evaluating "the quality of medical care and healthcare services" and not for "routine business or administrative purposes. *Id.*

We reject Castillo's argument that because this case involves a non-patient visitor, the medical committee privilege cannot apply. Both the statutes cited above and legal authority show that the privilege is not limited to evaluation of occurrences relating only to direct patient care. *See In re Christus Health Se. Tex.*, 2007 WL 117727, *1. Further, the goal of a hospital in evaluating health care services does not, in our view, limit the exercise of privilege to specific causes of action. *See In re Osteopathic Med. Ctr. of Tex.*, 16 S.W.3d at 885. Although Castillo claims the document was prepared in the ordinary course of business, the face of the Occurrence Report as well as the uncontroverted affidavit of Myers prove the contrary. Consequently, it was an abuse of discretion for the trial court to order production of this document, and an appeal is an inadequate remedy when the court erroneously orders disclosure of privileged information.

We conditionally **GRANT** relator's petition for writ of mandamus. The writ will issue only in the event the trial court fails to vacate its January 30, 2013 order granting plaintiff's motion to compel in part and denying defendant's motion for protective order and to render an order denying plaintiff's motion to compel and granting defendant's motion for protective order.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

130134F.P05