Gregory B. ENOS, Relator,

v.

Honorable Andrew Z. BAKER, Respondent.

BURWELL & ENOS, INC., Relator,

v.

Honorable Andrew Z. BAKER, Respondent.

Nos. C14–88–039–CV, C14–88–201–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 2, 1988.

Elmo Schwab, Otto D. Hewitt, III, Galveston, David J. Healey, Houston, for relators.

Andrew Z. Baker, Galveston, pro se.

Miles M. Whittington, Patrick Reilly, Galveston, for respondent.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

This mandamus proceeding arises out of a suit for divorce. Relators are Gregory B. Enos, the husband in the divorce action, and the law firm of Burwell & Enos, Inc. The wife, Susan Enos, is the real party in interest. During the divorce proceeding, she sought certain discovery. The trial judge ordered her husband to produce and deliver to Mrs. Enos' counsel "an inventory of any evaluation or demand that has been made on behalf of any client of Burwell & Enos, Inc.," and further ordered that Mr. Enos make available to his wife's attorney "all active client files of Burwell & Enos, Inc." We hold that the trial court abused its discretion in ordering inspection and production of privileged documents. Accordingly, we conditionally grant the writ of mandamus.

Susan Enos petitioned for divorce in September 1987. Both husband and wife are attorneys: she is an assistant criminal district attorney for Galveston County; he is a minority stockholder in Burwell & Enos, Inc. ("the law firm"), a law firm specializing in personal injury and workers' compensation litigation. No children were born of their marriage. Hence, the only issues in the underlying case are the valuation and division of the community property.

Mrs. Enos filed a motion for temporary orders which included a request for discovery of, *inter alia,* a list of active client files of the law firm, and any evaluation or demand made on behalf of those clients. With the consent of the law firm, Gregory Enos produced most of the requested discovery but refused to produce the list of client files and any evaluation of its cases or demand made on behalf of its clients. He moved for a protective order asserting that (1) the information sought is privileged; (2) it is not necessary to the valuation of the community estate; (3) it would violate the right to privacy of all the law firm's clients; (4) he has an ethical duty not to reveal the information requested; and (5) the request is unduly burdensome. Hearings on the contested requests were held on November 12 and 25, 1987.

After the November 25 hearing, the trial judge indicated in his chambers that he would order that the attorneys for Mrs. Enos have access to all the law firm's active client files. On December 31 the parties met for a third hearing to determine what language would be used in the trial court's order. Counsel for Mr. Enos urged the court to reconsider its post-hearing, *sua sponte* proposal to order an examination of the law firm's 380 to 400 client files. Counsel pointed out that the proposed order exceeded the discovery requested and that, as an attorney, Mr. Enos was ethically obligated to protect his clients' privacy by resisting such an order. Nevertheless, the court refused to hear any evidence on the point, refused to allow a bill of exceptions preserving a record of the excluded evidence, refused to conduct an *in camera* inspection of the files, and further refused to appoint a special discovery master to examine the files for the court. On that date the trial court ordered Gregory Enos to produce and deliver to Susan Enos' attorney "an inventory of any evaluation or demand that has been made on behalf of any client of Burwell & Enos, Inc." The court further ordered that Mr. Enos make available to his wife's attorney "all active client files of Burwell & Enos, Inc." Nothing was to be withheld from opposing counsel except that "where suit had not been filed, the names of clients could be covered."

On January 11, 1988, the law firm moved for protection and requested *in camera* inspection of the files. During a hearing on the law firm's motion, an order from this court arrived. It stayed the portion of

the December 31 order permitting unlimited access to the client files. In response to the order of this court, the trial judge deferred on the remainder of the motion as it related to matters of privilege. By order signed February 2, 1988, the court granted the motion for protection to the extent that any discovery taken by Susan Enos and her counsel should be sealed and should not be disclosed, but the court refused to vacate or stay its order of December 31 in any other respect.

Relators pray that this court order the trial judge to vacate his orders of December 31, 1987, and February 2, 1988, except as to the provision placing all discovery obtained from the law firm under seal. They contend that the trial court abused its discretion in numerous respects, including the following:

(1) The documents are protected by the attorney-client and work product privileges.

(2) The production of privileged documents was ordered without conducting an *in camera* inspection requested by relators.

(3) The order was overbroad in that Susan Enos had not requested that all the active client files be opened to her attorneys.

(4) The discovery ordered is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

(5) The discovery ordered is unduly burdensome.

■ In response to relators, Mrs. Enos asserts that because the documents themselves constitute the only evidence substantiating the claim of privilege, the relators waived any objection to production by failing to produce the files for *in camera* inspection by the court at the November or December hearings. Her argument does not consider the fact that at the time the order was signed by the court, there was no motion requesting production of the client files. Even after the judge commented off the record and in chambers that he would order such an inspection, Mrs. Enos did not amend her request to include

inspection of all active client files of the law firm. It would be unreasonable to have required Gregory Enos to tender to the court 380 to 400 unrequested files, belonging to non-parties. Under such circumstances the failure to have all client files at the courthouse at the time *in camera* inspection was requested did not constitute waiver of the attorney-client privilege.

■ In response to the allegation that the discovery order exceeds the discovery requested, Mrs. Enos asserts that the issue of the client files was "tried by consent." Her argument is based upon the following testimony during the November 25 hearing:

[Counsel for Mrs. Enos:]

Q. Would you concur with me that the true assets of that firm are the value of [the firm's] cases, whatever that might be?

[Gregory Enos:]

A: Whatever the present value is, yes.

The argument is not persuasive. Discovery orders should not exceed discovery requested. *See General Motors Corp. v. Lawrence,* 651 S.W.2d 732 (Tex.1983). As noted above, at the time the court entered its order no request for the client files was properly before the court. The above quoted exchange does not justify the court's *sua sponte* discovery order to produce unrequested documents.

■ The more compelling question before us is whether all active client files of a law firm are discoverable in order to prove the value of an owner's interest in that firm. We hold that they are not.

Our supreme court has made clear that if the matter sought to be discovered is privileged, it is not subject to discovery. *West v. Solito,* 563 S.W.2d 240, 243 (Tex.1978). The attorney-client privilege is among the oldest and most crucial in legal history.

The privilege of objecting to the disclosure of confidential communications to an attorney dates back to Elizabethan times. It existed then to protect the honor of attorneys. Goode and Sharlot, *Privileges,* 20 Hous.L.Rev. 273, 280. It exists today to

promote the unrestrained communication between client and attorney. *West v. Solito*, 563 S.W.2d at 145. Every edition of the Code of Criminal Procedure from 1856 until 1985 provided that "an attorney at law shall not disclose a communication made to him by his client during the existence of that relationship, nor disclose any other fact that came to his knowledge by reason of that relationship". This provision was a statutory declaration of the common law rule of evidence and applied to both criminal *and civil* cases. Although now repealed as a criminal statute, its constraints are incorporated as Rule 503 in both the criminal and civil rules of evidence.

The Texas Rules of Civil Evidence provide:

> **(b) General rule of privilege.** A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative....

> **(c) Who may claim the privilege.** The privilege may be claimed by the client.... The person who was the lawyer or the lawyer's representative at the time of the communication is presumed to claim the privilege but only on behalf of the client.

TEX.R.CIV.EVID. 503.

There can be no doubt that the law firm's client files contain "confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." They are unquestionably encompassed by the expressed privilege of Rule 503 and are undiscoverable. It is a clear abuse of discretion to order their production and inspection.

We believe this to be a case of first impression in this state. In prior Texas cases in which the attorney-client and work product privileges have been raised as a defense to discovery, the files sought have been those of parties to the underlying suit. However, a parallel situation has been addressed by the California appellate court in *In re Marriage of Lopez*, 38 Cal. App.3d 93, 113 Cal.Reptr. 58 (1974). In that divorce case, Mrs. Lopez attempted to compel her attorney husband to produce his client files for inspection and audit by her certified public accountant. Like Mrs. Enos, Mrs. Lopez claimed that the law practice was a community asset in which she held an interest and that the inspection and audit were necessary in order to value the law practice accurately. The California appellate court denied her discovery demands, declaring:

> Upon dissolution of a marriage, while the nonlawyer spouse may be a silent community property partner withdrawing from a going business, she is not entitled to invade the arena of confidence which exists between her lawyer husband and his clients. Nor is a court entitled under the guise or offer of judicial secrecy to compel a violation of such privilege. Matters which are privileged and confidential between an attorney and his clients are not subject to forceful invasion on the basis of marital economics or discovery convenience.

*In re Marriage of Lopez*, 38 Cal.App.3d 93, 113 Cal.Reptr. 58 (1974).

Mrs. Enos argues that her urgent need for the client files in order to assess the value of the community property outweighs the privilege of attorney-client confidentiality. We prefer the reasoning of the California court and decide that the need of each client for privacy, guaranteed to them at the time the communication was made, is of greater importance than marital economics and convenience. Our reasons include not only protection of an essential privilege, but also relevance. Such an evaluation, based on probable outcome of personal injury and workers' compensation suits in various stages of the litigation process, could be little more than conjecture. Clients often fire lawyers, withdraw the case, make poor witnesses, or fail to pay. Lawsuits go awry; defendants die, disappear, or take bankruptcy. The data derived from the files would be highly speculative and of little relevance. The questionable benefits derived in no way justify

abandonment of the attorney-client privilege and its underlying purposes. There are less burdensome and more accurate methods of evaluating an interest in the law firm through the financial records of the corporation that have been produced.

 We now address the question whether any evaluation or demand made on behalf of a client is protected by the work product doctrine. Susan Enos contends that relators have waived their right to complain about the discovery request based upon work product privilege by failing to assert the privilege in the trial court. She is mistaken in her facts. In his motion for protective order, filed on November 25, Gregory Enos asserted the privilege, stating, "[T]he information sought is attorney work product and is exempt from discovery. . . . A lawyer's internal evaluation of his client's case is certainly attorney work product because it is prepared in the course of handling the client's case."

An evaluation or demand made on behalf of a client can be protected from disclosure as attorney work product under the Texas Rules of Civil Procedure. TEX.R.CIV.P. 166b(3)(a). As cogently expressed by the United States Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), the privilege exists to protect the attorney. He must be free from being compelled to disclose the fruits of his labor to his adversary. The privilege shields from discovery his mental impressions, conclusions, opinions, and legal theories. *Hickman*, 329 U.S. at 511–12, 67 S.Ct. at 393–94. The evaluations and demands sought by Mrs. Enos are clearly work product. Although the work product privilege is not absolute as is the attorney-client privilege, it is clearly applicable in the present instance where the cause of each client of the law firm could be severely jeopardized by disclosing the attorney's evaluation of what the case would gross in the courtroom. The public revelation would very likely cause a different result in the case and thus, not only cause a substantial loss of revenue to Mr. Enos and his firm, but also render the evaluation worthless.

We hold that the trial court abused its discretion in ordering that Gregory Enos make available to his wife's attorney all active client files of Burwell & Enos, Inc., and in ordering that he produce and deliver to her counsel an inventory of any evaluation or demand that has been made on behalf of any client of the law firm.

We conditionally grant the petition for writ of mandamus of Relators. The writ will issue only if the trial court refuses to rescind its orders of December 31, 1987, and February 2, 1988, except as to the provision placing all discovery obtained from Burwell & Enos, Inc., under seal.