Cheryl TURNER, Relator,

v.

**The Honorable John MONTGOMERY, Judge of the 309th District Court of Harris County, Texas, Respondent.**

No. 01–92–00775–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 10, 1992.

Rehearing Denied Sept. 17, 1992.

Joel A. Nass, Bobbie K. Wood, Houston, for appellant.

Earle S. Lilly, Houston, for appellee.

Before COHEN, SAM BASS and DUGGAN, JJ.

## OPINION

COHEN, Justice.

Relator, Cheryl Turner, requests a writ of mandamus ordering respondent, Judge John Montgomery, to grant discovery in her divorce case of various documents she needs in order to determine the value of her community property interest in her husband's law partnership. Respondent ruled the documents were exempt because of the attorney-client privilege. We conditionally grant the writ of mandamus, hold that the real party in interest failed to preserve the claim of attorney-client privilege, and order respondent to vacate his order of May 21, 1992.

## PROCEDURAL BACKGROUND

The real party in interest is relator's husband, Sylvester Turner, a partner in the law firm of Barnes and Turner. Mr. Turner asserted the attorney-client privilege, as codified in TEX.R.CIV.EVID. 503 and as interpreted in *Enos v. Baker*, 751 S.W.2d 946 (Tex.App.—Houston [14th Dist.] 1988, orig. proceeding).

Relator moved to compel production or, in the alternative, for *in camera* inspection, appointment of a special discovery master, and redacting information from documents to protect the privacy and identity of clients and the confidentiality of privileged communications. At the hearing, Mr. Turner offered no evidence showing the documents were privileged and presented no documents for the trial judge's review. Respondent ordered discovery of only the documents that Mr. Turner agreed were not privileged. He ruled:

> It is further ordered that the discovery of information in the client files of Sylvester Turner and Barnes and Turner is denied as a matter of law, upon the authority of *Enos v. Baker*, 751 S.W.2d 946....
>
> It is further ordered that discovery of those items requested of Sylvester Turner related to and including his interest in the law firm of Barnes and Turner, as set forth in requests number 2, 8, 13, 16, 17, 18, 19, 24, 28, 31, 32, 33, 36 and 39 ... is denied as a matter of law, upon the authority of *Enos v. Baker* ....
>
> It is further ordered that Cheryl Turner's request for the use of alternate methods of inspection of Sylvester Turner's and Barnes and Turner's client files, documents and records, ... including an *in*

*camera* inspection, redacting the names of clients, numeric or alphabetic coding of client's names and/or the appointment of a special discovery master is denied, as a matter of law, upon the authority of *Enos v. Baker* . . . .

## STANDARD OF REVIEW

■ Evidence is presumed to be discoverable, and the burden is on the party resisting discovery to plead the privilege claimed, and to present evidence supporting the claim. *Loftin v. Martin,* 776 S.W.2d 145, 147 (Tex.1989); TEX.R.CIV.P. 166b(4). Thus, Mr. Turner had to prove the documents were privileged. As stated, Mr. Turner presented no evidence.

■ A trial judge's clear failure to apply the law correctly will constitute an abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). We examine the trial judge's order in light of rule 166b(4) and of the authorities he cited, Texas Rule of Civil Evidence 503 and *Enos v. Baker.*

■ Rule 503 applies only to "confidential" communication, which is communication meant to be secret and which is made "for the purpose of facilitating the rendition of professional legal services to the client." An attorney cannot claim the privilege to protect himself; he may do so "only on behalf of the client." TEX.R.CIV. EVID. 503(c).

In *Enos v. Baker,* the trial judge granted discovery of "all active client files" and "an inventory of any evaluation or demand . . . made on behalf of any client" of the divorcing spouse's law firm. 751 S.W.2d at 947. The attorney's practice consisted entirely of representing plaintiffs in personal injury and workers' compensation cases. The attorney-spouse claimed the privilege, but the trial judge refused to hear evidence, refused to allow a bill of exceptions of evidence supporting the privilege, refused to conduct an *in camera* inspection, and refused to appoint a discovery master. *Id.* The court of appeals held the attorney-spouse did not waive the privilege by failing to present evidence and to produce the files for inspection because he had tried to do so, but the trial judge refused. Moreover, at the time the trial judge ordered discovery, there was no pending motion requesting discovery of the client files. The court of appeals naturally refused to fault the attorney for not producing for *in camera* inspection 380 to 400 unrequested files. *Id.* at 948. We agree with these holdings.

The facts here are different. First, relator had requests pending. Second, the attorney-spouse neither offered evidence nor requested an *in camera* inspection.

■ Another reason the *Enos* court excused the attorney from producing evidence was that there was "no doubt" the requested files contained communications that were "unquestionably" privileged. 751 S.W.2d at 949. That is not true of these requests. Twelve of relator's 14 requests do not seek "unquestionably" privileged communications between attorney-client. These include the following requests:

(2) All deposit slips, wire transfers, check stubs, cancelled checks, check registers, reflecting activity on any checking account, savings account or money market account, of the parties, or on which the parties have signatory power, from March 26, 1983 to the present.

(8) Any payroll statements, pay stubs, W–2 forms, or 1099 forms, which evidence the income of the parties, or any entity in which either party has an interest, from the year ending 1983 to the present.

(13) Any written evidence of any accounts receivable which the parties benefit from individually or in connection with another.

(16) Copies of all business agreements including, but not limiting to real estate holdings, investments, leases, and contracts in which the parties have an ownership interest.

(17) Documentation on the income received by the parties from each enterprise or real estate holding, from March 26, 1983 to present.

(18) Copies of all cashier's checks, money orders, savings, pass books, cash management accounts, certificate of deposits, money market certificates, or any other negotiable instrument with any bank or saving institution or lending facility, whether negotiable or otherwise, showing the dates, nature, and amount thereof, from March 26, 1983 to date.

(19) Any journal and/or ledger showing entries made in any books of account or records from March 26, 1983 to date.

(28) Any diaries, calendars or other such documents in the possession of the parties.

(32) With regard to the cases which the law firm of Barnes and Turner currently has pending, please produce the following: Barnes and Turner attorney fee contracts; all settlement records (letters, agreements, statements); all final orders, judgments, non-suits, or dismissals; any structured settlement letters, statements, or agreements, trust accounts, notes or promises to pay Sylvester Turner or any firms with which he is or was associated.

(33) All statements of net profit or loss prepared during marriage.

(36) All records evidencing a thing of value owned by Barnes and Turner.

(39) With regard to the cases which the law firm of Barnes and Turner currently has pending, please produce copies of all documents relating to any funds, from any source, which may be received by you individually or by any other party.

The mere possibility that a document might be partly privileged will not justify its total exclusion. Certainly, it did not do so in *Enos v. Baker. See also Borden, Inc. v. Valdez*, 773 S.W.2d 718, 720–21 (Tex. App.—Corpus Christi 1989, orig. proceeding); *Duval County Ranch Co. v. Alamo Lumber Co.*, 663 S.W.2d 627, 634–35 (Tex. App.—Amarillo 1983, writ ref'd n.r.e.)

Relator's requests include documents that are not unquestionably privileged, and,

like the *Borden* court, we may only speculate as to whether any are privileged. A claim of privilege cannot be sustained on speculation.

■ We hold that Mr. Turner waived his objection to requests 2, 8, 13, 16–19, 28, 32, 33, 36, and 39 by failing to request an inspection by the trial court or present evidence supporting his claim of attorney-client privilege. Thus, the trial judge abused his discretion in denying these requests.

In requests 24 and 31, relator sought:

(24) Up-to-date documentation of any contingent assets including any requirement for cash payments to be made on a long term contract not otherwise covered above.

(31) All documents relating to employment and dealing with:
a. Overtime compensation
b. Christmas or other bonuses
c. Deferred compensation
d. Business expenses paid by employer.
e. Other receipts arising out of employment
f. Life, hospital, and medical insurance
g. Vacation and sick-leave benefits
h. Severance pay
i. Pension, retirement and profit sharing plans
j. Rights to purchase stock in employer corporation.

Mr. Turner's sole objection to request 24 was that it was too vague to know what was requested. The trial judge did not sustain that objection; instead, he ruled these items were within the attorney-client privilege. No such objection was before him. The trial judge abused his discretion by denying request 24 on a basis not urged by Mr. Turner.

The sole objection to request 31 was to subsection (e), that it was too vague to know what was requested. The trial judge abused his discretion by denying discovery under subsection (e) on a basis not urged, the attorney-client privilege, and also by denying discovery under all other subsec-

tions of request 31 because Mr. Turner did not object to them.

We further hold that relator has no adequate remedy by appeal. Without the requested records, she will not have information she needs to determine the value of the community property. Moreover, because the records were never produced, an appellate court would have nothing to review.

We are confident that Judge Montgomery will vacate the order of May 21, 1992. The writ will issue only if he does not.