### In re GRACO CHILDREN'S PRODUCTS, INC., et al.

No. 13–05–455–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Sept. 21, 2005.

Joseph J. Krasovec III, Schiff Hardin LLP, Chicago, IL, Patricia J. Kerrigan,

Werner & Kerrigan LLP, Houston, Ted Rodriguez, Jose E. Garcia, Garcia & Villarreal, McAllen, for relator.

Francisco J. Rodriguez, Rodriguez, Tovar & De Los Santos, McAllen, Kevin Michael Beiter, Patrick K. Sheehan, Hornberger, Sheehan, Fuller & Beiter, Inc., Sean F. O'Neill, Law Office of Sean O'Neill, San Antonio, for real party in interest.

Before Chief Justice VALDEZ and Justices CASTILLO and GARZA.

## OPINION

Opinion by Justice GARZA.

This is an original proceeding arising from a products-liability action brought against Newell Rubbermaid, Inc., individually and d/b/a Graco Children's Products, Inc. ("Relator").[1] The real party in interest, Patricia Galnares ("Plaintiff"), alleges that a design defect in a child car seat, the "SnugRide," manufactured by Relator caused the death of her five-week-old son in a single-vehicle rollover accident on May 10, 2002. The action is now pending before the 398th District Court in Hidalgo County, Texas, Judge Aida Salinas Flores ("Respondent") presiding.

In its petition for writ of mandamus, Relator argues that Respondent abused her discretion by ruling that Relator waived all privileges to certain documents requested by Plaintiff's Fourth Request for Production because Relator failed to specifically assert its privileges as to each of Plaintiff's individual requests. Although Relator made a general assertion of attorney-client and work-product privileges to all of Plaintiff's requests and produced a withholding statement, Respondent ruled that Relator had failed to preserve all privileges. For the reasons that follow, we conclude that Respondent abused her discretion in reaching this conclusion. Accordingly, we conditionally grant the relief sought by Relator.

## Background

The petition in this original proceeding is Relator's third petition for writ of mandamus arising from the proceedings below. All three of Relator's petitions have challenged Respondent's rulings on issues related to Plaintiff's Fourth Request for Production. Because the procedural history of this case is central to this Court's disposition of the instant petition and because one of Relator's petitions remains pending before the supreme court, we take time to detail the procedural and other background facts relevant to this original proceeding.

On March 22, 2005, the Consumer Product Safety Commission ("the Commission") announced the assessment of a civil penalty against Relator for untimely disclosures of hazards associated with certain models of infant carriers, high chairs, swings, strollers, and toddler beds. According to Relator, none of the hazards in the Commission's announcement involved ejection of infants during motor vehicle accidents or complaints regarding a five-point harness system such as the harness on the SnugRide. In contrast, Plaintiff contends that, because many of Relator's products share component parts, the Commission's announcement may relate to component parts of the SnugRide.

Plaintiff's Fourth Request for Production sought production of documents pertaining to the Commission's an-

---

1. Burlington Coat Factory Warehouse Corp. and Burlington Coat Factory of Brownsville, Inc. are also named defendants in the under-
 lying suit, but they are not parties to this original proceeding.

nouncement. The discovery was served by certified mail and telecopier on April 5, 2005. Relator's responses were served on April 29, 2005. In the responses, Relator specifically objected to each of Plaintiff's 20 requests for production and made several "general objections" to all the requests, including the following objection:

[Relator] . . . objects to the Requests for Production to the extent it [sic] seeks information protected by the attorney-client privilege or work product doctrine, or to the extent it [sic] seeks information otherwise immune from discovery under any applicable rule or privilege. Such documents or information shall not be produced in response to Plaintiff's discovery requests, and any inadvertent production or disclosure thereof shall not be deemed a waiver of any privilege or work product immunity.

On April 29, 2005, Plaintiff filed a Motion to Compel Depositions and Production of Documents. The motion sought production of documents responsive to Plaintiff's Fourth Request for Production. On May 2, 2005, Relator filed a motion for protection, complaining of Plaintiff's Fourth Request for Production because "the discovery propounded by Plaintiff has no nexus with this lawsuit and is served solely to harass [Relator] and as a fishing expedition in a search for irrelevant but potentially prejudicial documents concerning [Relator]. . . ." On May 5, 2005, Relator provided Plaintiff with a withholding statement indicating that documents otherwise responsive to Plaintiff's Fourth Request for Production (numbers 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 18 and 19) were being withheld based on attorney-client privilege. See TEX.R. CIV. P. 193.3. The withholding statement did not assert the work-product privilege or any other privilege.

On May 6, 2005, Relator filed a second response to Plaintiff's Motion to Compel Depositions and Production of Documents, raising similar objections to the requested discovery, though with greater specificity than Relator's first response. On May 12, 2005, Respondent held a hearing on Plaintiff's Motion to Compel Depositions and Production of Documents. At that time, Plaintiff withdrew requests 18 and 19 but continued to seek all documents responsive to the 18 other requests made in its Fourth Request for Production. Respondent ruled in Plaintiff's favor and ordered Relator to produce the documents by May 19, 2005.

On May 13, 2005, Plaintiff requested a privilege log as to any claim of privilege regarding Plaintiff's Fourth Request for Production. On May 18, 2005, Relator filed a petition for writ of mandamus with this Court, challenging the trial court's order of May 12, 2005. This Court stayed all proceedings in the underlying case in order to consider the merits of the petition. On June 16, 2005, we denied the petition and lifted the stay. On June 22, 2005, Relator served its privilege log on Plaintiff. Subsequently, on June 24, 2005, Relator filed a petition for writ of mandamus and motion for emergency relief with the supreme court, seeking to challenge the trial court's order of May 12, 2005.

While the petition and motion were pending before the supreme court, Plaintiff filed a second Motion to Compel Depositions and Production of Documents regarding the documents responsive to Plaintiff's Fourth Request for Production. A hearing was held on this motion on June 29, 2005, at which time, Respondent ruled that Relator had waived all privileges and ordered the production of all documents responsive to Plaintiff's Fourth Request for Production.

On July 6, 2005, Relator filed with the supreme court a supplemental motion for emergency relief, a motion for leave to file a supplemental petition for writ of mandamus, and a supplemental petition for writ of mandamus. On July 14, 2005, the supreme court granted Relator's motion for emergency relief and supplemental motion for emergency relief and stayed Respondent's order of June 29, 2005. The supreme court denied Relator's motion for leave to file a supplemental petition for writ of mandamus with the notation "*See* Tex.R.App. P. 52.3(e), (j)(1)(B)."

Relator has now filed the instant petition for writ of mandamus, asking this Court to review and vacate the portion of Respondent's order of June 29, 2005 ruling that no privileges were preserved as to documents responsive to Plaintiff's Fourth Request for Production and compelling the production of those documents.

## I. Availability of Mandamus Relief

 Mandamus relief is appropriate to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *In re DuPont de Nemours & Co.*, 136 S.W.3d 218, 222–23 (Tex.2004) (orig.proceeding) (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ. *Id.* at 223 (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992)). Mandamus is proper when the trial court erroneously orders the disclosure of privileged information because the trial court's error cannot be corrected on appeal. *Id.* (citing *Walker*, 827 S.W.2d at 843).

## II. Analysis

 The issue in this original proceeding is whether Respondent's order of June 29th amounted to an abuse of discretion. In reaching this determination, we must first decide whether Relator waived all privileges by failing to include specific assertions of privilege in its initial response to Plaintiff's Fourth Request for Production.

At the June 29th hearing on Plaintiff's second motion to compel depositions and request for production, the following exchange transpired between Respondent and counsel for Relator, which, we believe, provides useful insight into Respondent's ruling that all privileges were waived:

**Counsel:** Even though there isn't a requirement for us to assert a privilege at the same time as the objection, we did do so. If the Court will look at the [response to] the fourth request for production, we do in fact [object based on privilege]. . . .

**The Court:** The point that I think that is being made by [opposing counsel] . . . is that on these discoveries you did not assert the privilege as to those particular items . . .

**Counsel:** Yes, Judge. In our preliminary objections, we actually raised a privilege generally.

**The Court:** But that is general boilerplate language that is asserted at the beginning of every—

**Counsel:** It's been the law.

**The Court:** I understand.

\* \* \*

**The Court:** The Court is going to go ahead and rule.

**Counsel:** But, Judge, if I might just advise the Court that then on May 5th, we sent a letter and said, we are withholding documents pursuant to the privilege, which is what we're required to do by the rules . . .

**The Court:** The issue remains, [counselor], whether you've waived the privilege by not asserting the privilege on those discovery documents.... I feel like, you know, you've waived at this particular point....

From this exchange, it is clear that Respondent based her ruling on Relator's failure to include in its initial response specific assertions of privilege to each of Plaintiff's particular requests. Later in the same exchange, Respondent specifically stated that, in her opinion, Relator's general objection based on attorney-client and work-product privileges, which she described as "boilerplate language," was insufficient to preserve a claim of privilege.

It is also apparent from the foregoing exchange that counsel for Relator informed Respondent that a withholding statement had been timely tendered to counsel for Plaintiff and that the production of such a withholding statement is the proper manner of asserting privileges. We agree with Relator on both of these issues.

We turn to the rules of civil procedure for guidance. Rule 193.2 sets forth the form and time for objections to written discovery. TEX.R. CIV. P. 193.2. Subsection (a) states the following general rule:

A party must make any objections to written discovery in writing—either in the response or in a separate document—within the time for response. The party must state specifically the legal or factual basis for the objection and the extent to which the party is refusing to comply with the request.

TEX.R. CIV. P. 193.2(a). Subsection (f) then states that this general rule for objections to written discovery does not apply to assertions of privilege:

A party should not object to a request for written discovery on the grounds that it calls for production of material or information that is privileged but should instead comply with rule 193.3. A party who objects to production of privileged material or information does not waive the privilege but must comply with rule 193.3 when the error is pointed out.

TEX.R. CIV. P. 193.2(f). Rule 193.3(a) provides

A party who claims that material or information responsive to written discovery is privileged may withhold the privileged material or information from the response. The party must state—in the response (or an amended or supplemental response) or in a separate document—that:

(1) information or material responsive to the request has been withheld,

(2) the request to which the information or material relates, and

(3) the privilege or privileges asserted.

TEX.R. CIV. P. 193.3(a).

Relator's withholding statement of May 5th stated that, based on the attorney-client privilege, Relator was withholding documents otherwise responsive to Plaintiff's Fourth Request for Production (numbers 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 18 and 19). As such, the withholding statement complied with the requirements of the rule. *See id.*

In her response to Relator's petition for writ of mandamus, Plaintiff maintains that the withholding statement was ineffective to preserve any privileges because it was served untimely, but that contention is insupportable. The withholding statement was served on Plaintiff within 30 days after Plaintiff's Fourth Request for Production was served on Relator. The rules of civil procedure require the responding party to serve a written response, including any objection to written discovery, within 30 days after service of the request

for production. *See* Tex.R. Civ. P. 193.2(a); 196.2(a). Although the time limit for objecting to written discovery is 30 days from the date of service, no objection needs to be made to preserve a privilege and the rules set no time-limit for asserting a privilege. *See* Tex.R. Civ. P. 193.2(f); 193.3. Thus, there is no basis for concluding that the withholding statement and Relator's assertion of privilege was untimely. Even if we were to agree that the 30–day deadline were applicable to assertions of privilege, the withholding statement would still be timely because it was filed within that time period.

We can appreciate that much confusion was caused by the general objection made in Relator's response to Plaintiff's request for production. The rules specifically instruct counsel not to object to written discovery based on privileges. *See* Tex.R. CIV. P. 193.2(a); *In re Univ. of Tex. Health Ctr.*, 33 S.W.3d 822, 826 (Tex.2000) (orig.proceeding); *In re Anderson*, 163 S.W.3d 136, 140 (Tex.App.-San Antonio 2005, orig. proceeding); *In re Monsanto Co.*, 998 S.W.2d 917, 924 (Tex.App.-Waco 1999, orig. proceeding). Nevertheless, counsel for Relator made such an objection. Although the objection was inappropriate, the rules specify that an objection to written discovery based on privilege will not waive a privilege, as long as the party complies with rule 193.3(a). *See* Tex.R. CIV. P. 193.2(a); 193.3(a); *In re Univ. of Tex. Health Ctr.*, 33 S.W.3d at 826. We have already concluded that Relator followed rule 193.3(a). *See* Tex.R. CIV. P. 193.3(a). Accordingly, the trial court's ruling that Relator waived all privileges was an error of law and, as such, amounted to an abuse of discretion. *See In re DuPont de Nemours & Co.*, 136 S.W.3d at 223.

We note that Plaintiff also raises an additional waiver argument. She points out that Relator's withholding statement only asserted the attorney-client privilege and that Relator's privilege log asserted additional privileges, including the work-product privilege. According to Plaintiff, Relator waived all privileges other than the attorney-client privilege by failing to assert them in its withholding statement.

It would be inappropriate for this Court to address Plaintiff's argument. The issue before us is not whether Relator waived some, but not all, privileges by failing to specify them in its withholding statement. The issue is whether Respondent erred by ruling that *all* privileges have been waived. We have concluded that Relator did not waive all privileges. Based on this conclusion, we have held that Respondent's order of June 29th was an abuse of discretion. We have thus decided the only issue presented by this original proceeding.

### III. Conclusion

Respondent is ordered to vacate her order of June 29, 2005. A writ of mandamus will issue if Respondent refuses to comply with this Court's instructions.