# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00214-CV

**In re Unitrin County Mutual Insurance Company, f/k/a Charter County Mutual Insurance Company, named as Financial Indemnity Company**

## ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

This mandamus proceeding involves a discovery dispute in a case filed by Edmond and Rhonda Bisland against Relator Unitrin County Mutual Insurance Company ("Unitrin") for violations of the insurance code, breach of contract, and breach of *Stowers* duty in a related personal injury case.[1]  *See G.A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved) (insurer has duty to accept claimant's reasonable offer to settle within policy limits).  Unitrin has filed a petition for writ of mandamus, seeking to vacate the trial court's orders requiring the production of documents that Unitrin asserts are protected by the attorney-client and work product privileges.  *See* Tex. R. Evid. 503; Tex. R. Civ. P. 192.5.

In order to review the orders at issue here, a brief procedural history of the parties' discovery disputes is necessary.  On July 15, 2008, the Bislands served Unitrin with their first requests for production.  Unitrin responded to these requests, citing a number of objections, but

---

[1] *See Simmons v. Bisland*, __ S.W.3d __, No. 03-08-00141-CV, 2009 Tex. App. LEXIS 2473 (Tex. App.—Austin Apr. 9, 2009, no pet. h.).

without asserting any claim of privilege. On August 25, 2008, the Bislands served Unitrin with a written request for a privilege log, but the applicable 15-day deadline passed without a response. *See* Tex. R. Civ. P. 193.3(b). The Bislands then filed a motion to compel, which was set for hearing on November 20, 2008. Two days before the hearing, Unitrin served its first amended responses to the Bislands' requests for production. In addition to making a number of objections, these amended responses asserted attorney-client and work product privileges in response to two of the 91 requests.

At the November 20 hearing on the Bislands' motion to compel, counsel for both parties presented argument related to Unitrin's general objections to the requests for production.[2] Unitrin did not raise the issues of attorney-client or work product privilege at the hearing, other than to reference them as a concern related to the production of information or documents created after November 9, 2007. At the close of the hearing, the trial court allowed the parties to confer off the record, which resulted in an agreed order that Unitrin would produce certain documents responsive to the Bislands' first request for production "without further objection."

The parties now dispute the meaning of the phrase "without further objection" in the trial court's November 20 order. According to the Bislands, the trial court's order reflects the parties' agreement that Unitrin would produce the documents without making any objections or claims of privilege. Unitrin, on the other hand, argues that it agreed only to refrain from making additional objections and that the trial court's order did not preclude the assertion of privileges.

---

[2] Unitrin raised two general objections to the Bislands' requests. First, it objected to certain definitions that served to focus the discovery requests on an entity in Unitrin's corporate structure that Unitrin contends is an improper party to suit. Second, it objected to the time frame of the requests to the extent they sought information or documents created after November 9, 2007, the date final judgment was rendered in the related personal injury litigation.

2

The plain language of the order requires Unitrin to produce certain documents "without further objection," without mention of claims of privilege. Objections are considered to be separate and distinct from claims of privilege and in fact cannot be used to preserve a privilege. *See* Tex. R. Civ. P. 193.2(f) (objections to written discovery do not preserve privilege); *see also In re Graco Children's Prods., Inc.*, 173 S.W.3d 600, 605 (Tex. App.—Corpus Christi 2005, orig. proceeding) ("[N]o objection needs to be made to preserve a privilege and the rules set no time-limit for asserting a privilege."). Therefore, we hold that under the plain language of the November 20 order, Unitrin was not prohibited from withholding documents under a claim of privilege.

After the hearing, Unitrin served its second amended responses to the Bislands' first requests for production, asserting both work product and attorney-client privileges in connection with certain withheld documents. Unitrin also served responses to the Bislands' second requests for production, making multiple objections but without raising any claims of privilege. On February 17, 2009, Unitrin provided the Bislands with a privilege log. *See* Tex. R. Civ. P. 193.3. Unsatisfied with Unitrin's discovery responses, the Bislands filed a motion to compel and motions to strike Unitrin's pleadings. The trial court held a hearing on these motions on February 26, 2009, at which Unitrin attempted to present the withheld documents to the trial court for an in camera inspection. The trial court declined to conduct an in camera inspection and found that by withholding documents under a claim of privilege, Unitrin failed to comply with the November 20 agreed order. On March 10, 2009, the trial court issued an order requiring Unitrin to produce the requested documents "without further objection and without withholding any document under a claim of any privilege."

3

On March 18, 2009, Unitrin filed a motion to reconsider the March 10 order, attaching its privilege log and the requested documents under seal for the trial court's review. At a hearing on April 8, 2009, the trial court denied Unitrin's motion to reconsider without conducting an in camera inspection, ordered Unitrin to produce the requested documents, and imposed $10,000 in discovery sanctions to cover the Bislands' attorney's fees. Unitrin then filed a petition for writ of mandamus in this Court. We granted emergency relief, temporarily staying the underlying proceedings until this original proceeding could be resolved.

As previously discussed, the plain language of the November 20 order did not prohibit Unitrin from later asserting a claim of privilege, and therefore Unitrin did not violate the order by doing so. Furthermore, if a party asserting privilege claims makes a prima facie showing of privilege and tenders documents to the trial court, the trial court must conduct an in camera review of those documents before compelling production. *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004). Failure to conduct an in camera review under these circumstances is an abuse of discretion, subject to mandamus relief. *Id.* at 223, 227. Therefore, in order to determine whether the trial court abused its discretion by failing to conduct an in camera review of the tendered documents, we must examine whether Unitrin properly made a prima facie showing of privilege.

"The prima facie standard requires only the 'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'" *Id.* at 223 (quoting *Texas Tech Univ. Health Scis. Ctr. v. Apodaca*, 876 S.W.2d 402, 407 (Tex. App.—El Paso 1994, writ denied)). While the Bislands argue that Unitrin failed to make a prima facie showing because it presented no testimony or affidavits to substantiate the claim of privilege, "[t]he documents themselves may constitute sufficient evidence to make a prima facie showing of attorney-client or work product

4

privilege." *DuPont*, 136 S.W.3d at 223. Our review of the documents presented to the trial court, which are before us in the form of a sealed record, suggests that Unitrin has properly made a prima facie showing of privilege, as these documents are sufficient to support a rational inference that the attorney-client and work product privileges apply.[3]

Because the trial court ordered production without conducting an in camera review of the documents, we conditionally grant the petition for writ of mandamus and compel the trial court to conduct an in camera review before ordering production of the documents at issue. The writ will issue only in the unlikely event that the trial court fails to comply with this opinion.

To the extent that Unitrin also seeks to compel the trial court to vacate its order of $10,000 in discovery sanctions, we deny mandamus relief on the ground that discovery sanctions in the form of an award of attorney's fees can properly be reviewed on appeal from a final judgment.[4] *See* Tex. R. Civ. P. 215.2(b)(8); *In re Supportkids, Inc.*, 124 S.W.3d 804, 808-09 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding).

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed:   May 28, 2009

_____

[3] Our holding is limited to whether a prima facie showing of privilege has been made. The question of whether the documents are actually subject to privilege shall be decided by the trial court after an in camera inspection. Because it appears from the record that this issue has not yet been considered by the trial court, we decline to reach it in this original proceeding.

[4] The trial court is not prohibited from revisiting the issue of whether discovery sanctions are justified with the benefit of the hindsight of this proceeding.