

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-24-00026-CV |
| ROBERT J. GAUDET, JR., | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |

## MEMORANDUM OPINION

This mandamus proceeding arises from a divorce case. Relator Robert J. Gaudet, Jr., asks us to direct Respondent Jesus Rodriguez, Presiding Judge of El Paso County Court at Law Number 5, to vacate in part a December 15, 2023 order. That order affirmed Associate Judge Karen A. Pelletier's May 26, 2023 order, which addressed several discovery-related matters. Gaudet raises three issues, arguing that the trial court erred by: (1) requiring him to produce attorney-client and work-product documents; (2) finding that he waived all objections to written discovery; and (3) ordering discovery to be conducted as a Level 3 case.

## BACKGROUND

A brief chronology frames the dispute. The hearings and filings below cover a host of topics, but we focus only on the discovery issue that is before this Court. Gaudet's wife (Real-Party-in-Interest Karin Gaudet-Asmus) (Wife) filed for divorce—her petition asserted the case should be handled as a Level 3 case. Both Gaudet and his wife are attorneys. She served Gaudet

with discovery requests on September 6, 2022, making his responses due on October 6, 2022. All acknowledge that she agreed to extend the response deadline to October 20, 2022. Gaudet did not file responses by that date, but instead filed a Motion for Protective Order on October 25, 2022. Wife soon responded with a Motion to Compel.

Gaudet's Motion for Protective Order and Wife's Motion to Compel were set before Associate Judge Lucas on November 21, 2022. The attorneys announced an agreement at that hearing that resolved the motions and required Gaudet to respond to Wife's discovery by December 9, 2022. Gaudet did not respond by the 9th, but instead filed an amended Motion for Protective Order three days later—on December 12, 2022. Wife continued to press for discovery responses and filed an amended motion to compel, to which Gaudet filed a succession of responses in the Spring of 2023.

Fast forward to May 3, 2023. Wife had set her amended motion to compel, this time with Associate Judge Pelletier. Gaudet filed responses to the discovery the night before this hearing and asserted objections. At the hearing, Wife complained that the responses were inadequate and that the objections had all been waived as untimely. Her argument was that any objections must have been asserted by October 20, 2022—the date of her first agreed extension—and none were filed by then. So she claimed any objections were waived. In the argument to the court, neither party informed Judge Pelletier about the agreement that was placed on the record before Judge Lucas. Judge Pelletier ruled that the objections were waived and set deadlines for discovery responses. Judge Pelletier also ruled that the case should be governed as a Level 3 case.

Gaudet challenged this ruling before the County Court at Law in a de novo hearing held on December 14, 2023. At that hearing, Gaudet did expressly raise the agreement that was read into the record before Judge Lucas that extended the deadline to respond to discovery. But Gaudet

represented that the agreement set a deadline for December 12, 2022, and castigated Wife's attorney for claiming the deadline was any earlier.[1] But somewhat hedging his bet (as no transcript from Judge Lucas' hearing was offered into the record), Gaudet argued his then attorney at that time was leaving private practice and if the response was late, he had good cause for any late filing.

As for the discovery requests, Gaudet argued that they asked for his law firm's time sheets which would contain attorney-client and work-product privileged material. The requests also sought his firm's financial records. He had produced two years of financial data, but claimed the five-year period called for in the requests was too burdensome. He also objected to labeling the case as Level 3, but instead urged it was a Level 1 case when Wife served her discovery, which limited the number of interrogatories and requests for production to 15.

The County Court at Law affirmed Associate Judge Pelletier's rulings. When a further hearing on a motion to compel was set for February 20, 2024, Gaudet filed this mandamus.[2]

Mandamus relief is an extraordinary remedy that requires the relator to show (1) the trial court clearly abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). We discuss each element in turn.

## THE COUNTY COURT AT LAW DID NOT ABUSE ITS DISCRETION

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than

---

[1] Gaudet appeared with his counsel at the hearing, but argued the issues himself.

[2] That hearing was reset to May 2, 2024. Our record includes no reporter's record for the February 20, 2024 hearing.

3

an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We also explain the standard this way: the question is whether the trial court acted without reference to any guiding rules and principles. *Id.*

Here, we conclude Gaudet has failed to show that the trial court clearly abused its discretion.

### A. Attorney-client and work-product documents

Gaudet is a practicing attorney and claims that the discovery served on him will require that he produce privileged material from his clients' files. He argues the trial court erred by ordering him to produce attorney-client and work-product documents requested in discovery. We disagree that is what the trial court ordered. While the trial court ruled that "all objections" by Gaudet to written discovery were waived, the trial court's order contains no rulings on assertions of privilege.[3]

Attorney-client and work-product documents are protected by privilege. *See* Tex. R. Evid. 503 (attorney-client privilege); Tex. R. Civ. P. 192.5 (work-product privilege). The rules for asserting privileges and making objections are different. *Compare* Tex. R. Civ. P. 193.3 (privileges) *and* 193.2 (objections). While objections to written discovery must be made within 30 days after service, the rules set no time limit for asserting privileges. *In re Graco Children's Products, Inc.*, 173 S.W.3d 600, 605 (Tex. App.—Corpus Christi 2005, orig. proceeding); s*ee also*

---

[3] The order that Gaudet complains of states:

> Regarding Respondent, ROBERT JOSEPH GAUDET, JR's, Answers to Interrogatories and Response to Request for Production due by July 10, 2023, the Court ORDERS that *all objections* by ROBERT JOSEPH GAUDET, JR. *are waived* as his Motion for Protective Order was not timely filed and his responses to discovery were due on October 6, 2022, however the Motion for Protective Order was filed on October 25, 2022 (emphasis added).

*In re Park Cities Bank*, 409 S.W.3d 859, 870 (Tex. App.—Tyler 2013, orig. proceeding) ("No objection needs to be made to preserve a privilege, and the rules set no time limit for asserting a privilege."); *In re Williams*, No. 10-08-00364-CV, 2009 WL 540961, at *3 (Tex. App.—Waco Mar. 4, 2009, orig. proceeding) (mem. op.) ("[P]rivileges need not be asserted in the response to discovery requests, but may be asserted in supplemental or amended responses or a separate document. Nor is there a time limit within which to assert . . . privilege.") (citation omitted).

Gaudet asserted the attorney-client and work-product privileges in a March 10, 2023 opposition to motion to compel, his May 3, 2023 amended opposition, and his May 2, 2023 discovery responses.[4] But as noted above, the trial court did not rule on privilege in its May 26, 2023 or December 15, 2023 orders. As a result, nothing is presented for our review in relation to Gaudet's first issue.[5] We therefore conclude that no clear abuse of discretion has been shown as to this issue.

## B. Waiver of objections

Gaudet next argues that the trial court erred by finding he waived all discovery objections by failing to timely object. At the hearing before Associate Judge Pelletier, neither party presented the relevant question, as they argued over whether the deadline was in October or November of 2022. But whichever such deadline may have been correct was later obviated by an agreement,

---

[4] To the extent Gaudet asserts privileges as if they were objections rather than following the requirements of Tex. R. Civ. P. 193.3, that deficiency does not constitute waiver, although it must be corrected once pointed out. Tex. R. Civ. P. 193.2(f).

[5] The parties engage in a lengthy discussion of how attorney-client and work-product privileges might work in a divorce proceeding where the size of the marital estate needs to be determined. E.g., *Enos v. Baker*, 751 S.W.2d 946 (Tex. App.—Houston [14th Dist.] 1988, orig. proceeding) and *Turner v. Montgomery*, 836 S.W.2d 848 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). Any comment we would make on this issue would be merely advisory at this point. *See State v. Naylor*, 466 S.W.3d 783, 796 (Tex. 2015) ("We 'have no jurisdiction to render [advisory] opinions.'") (quoting *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)).

read into the record before Judge Lucas, that extended the deadline to December 9, 2022. At the de novo hearing, Gaudet did raise the agreement before Judge Lucas, but misrepresented that the new deadline was December 12 (and not the 9th as stated in the agreement). Gaudet did argue in the de novo hearing, however, that even if he was wrong about the deadline, he would have good cause for missing it. But he does not make the argument here that the County Court at Law abused its discretion in failing to find good cause. Instead, he makes another argument that we find unavailing.

Gaudet's initial mandamus petition argued that the deadline was extended to December 12, 2022 by a Rule 11 agreement reached at a hearing on November 21, 2022. Not until he filed a Reply before this Court, did he include the hearing transcript before Judge Lucas that clearly shows that Gaudet's discovery responses per the agreement were due on December 9, 2022. Gaudet filed no discovery responses or objections by December 9, 2022, but instead on December 12, 2022 filed only an amended motion for protective order. Yet Gaudet argues he waived no objections, contending that:

> [Gaudet's] [first] motion for a protective order was timely filed weeks before the extended deadline of December 9, 2022. As a result, [his] right to object was not waived. [Gaudet] filed an amended motion for a protective order on December 12, 2022. It was a timely amendment.

But because Gaudet's initial motion for protective order was "resolved" by the Rule 11 agreement reached on November 21, 2022, the motion preserved no objections and extended no deadlines from that point forward, and thus did not prevent Gaudet's amended motion for protective order from being untimely.

Before this Court, Gaudet cites no authority to show that the trial court abused its discretion in failing to find good cause. To the contrary, Gaudet deemphasizes that argument in this

6

proceeding, contending that:

> [O]n December 14, 2022, [Gaudet's former counsel] [began his public appointment] and was busy during this time such that there was "good cause", if there had been a[] delay. However, no need for "good cause" was present since [Gaudet's former counsel] filed a timely motion for protective order on October 25, 2022 and a timely amended motion for a protective order on December 12, 2022, all by the deadline of December 12, 2022 that [Gaudet-Asmus] agreed on for [Gaudet's] responses to her discovery requests. (record citations omitted).

But as explained above, Gaudet's initial motion for protective order was resolved on November 21, 2022, and his amended motion for protective order was filed after the discovery response deadline of December 9, 2022, thereby preserving no objections.

Ultimately, neither of the parties presented the judges below with the arguments or record to allow them to correctly analyze the waiver issue. We conclude the trial court did not abuse its discretion by finding that Gaudet's objections were untimely and thus waived, given that Gaudet filed no objections by the deadline of December 9, 2022. *See Glenn v. Glenn*, 659 S.W.3d 212, 220 (Tex. App.—El Paso 2022, pet. denied) ("There is no reversable error if the trial court reached the correct result for the wrong reason.").

### C. Order for Level 3 discovery

Gaudet next argues the trial court erred by ordering Level 3 discovery in an order which: (1) failed to include a "discovery period," "appropriate limits on the amount of discovery," and "deadlines for joining additional parties"; (2) compelled him to respond to 63 requests for production and 65 interrogatories; and (3) retroactively included discovery served when the suit was under Level 1, which allows a maximum of 15 interrogatories and 15 requests for production.

Level 3 discovery orders "must include" certain items—a trial date, a discovery period, appropriate limits on discovery, and deadlines for new parties, supplementing pleadings, and designating experts. Tex. R. Civ. P. 190.4 (b). While Gaudet complains that the Level 3 order

7

entered here omits some of these items, Gaudet neither argues nor provides citations to the record showing that he brought this issue to the trial court's attention.[6] Thus, we conclude he has failed to preserve error for our review. *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022) (orig. proceeding) ("[T]he right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act."). Further, Gaudet contends the trial court's order allows "an *unlimited* number of discovery requests" (emphasis in original). Yet Tex. R. Civ. P. 190.4(b) precludes that scenario: "The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless specifically changed in the discovery control plan ordered by the court."

As to Gaudet's argument that he has been ordered to respond to 63 requests for production and 65 interrogatories, any objection to the number of requests served would be among the objections Gaudet waived by not timely objecting to the requests, as we discuss above.

Finally, as to Gaudet's argument that the trial court "ma[de] its Level 3 Discovery order retroactive" and "gave retroactive permission for [Gaudet-Asmus] to serve 65 interrogatories and 63 requests for production," we disagree that the order was made retroactive. While the order requires Gaudet to respond to all discovery requests served on September 6, 2022, it does so based on Gaudet having waived all objections, not on Level 3 applying retroactively.

Accordingly, we conclude the trial court did not abuse its discretion in ordering discovery to proceed under Level 3.

### D. Adequate remedy

The second burden on the movant for mandamus relief is to show the lack of adequate

---

[6] At the trial court hearings, Gaudet's arguments regarding Level 3 instead focused on whether the marital estate is worth less than $250,000.

remedy by appeal. *Walker*, 827 S.W.2d at 843. If a trial court errs by ordering privileged material to be disclosed, no adequate remedy at law exists; thus, mandamus is proper. *In re Arden*, No. 08-03-00269-CV, 2004 WL 576064, at *4 (Tex. App.—El Paso Mar. 24, 2004, orig. proceeding) (mem. op.). Here, we have concluded that no such error occurred. Nor is it clear exactly what attorney-client and work-product materials are implicated. The issue Gaudet focused on below was a request for his time records which might contain attorney-client communications. The actual request asked him to produce "spreadsheets maintained . . . to document his time for legal services rendered." Depending on how Gaudet keeps his records, that request might seek only a record of his aggregate billings or time worked, and not detailed time entries that include attorney-client communications or work product. But it might include more. The record does not say, but we are confident that the courts below will protect the appropriate privileges that belong to the clients of attorney Gaudet.

Further, if a trial court compels production of "patently irrelevant or duplicative documents," there is no adequate remedy by appeal when the order "clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party." *Walker*, 827 S.W.2d at 843; *see also In re CSX Corp.*, 124 S.W.3d 149, 153 (Tex. 2003) (orig. proceeding) (per curiam); *In re Walmart, Inc.*, 620 S.W.3d 851, 858 (Tex. App.—El Paso 2021, orig. proceeding). Here, we have concluded that Gaudet failed to show the trial court abused its discretion, as all discovery objections were waived by Gaudet. But even had Gaudet timely objected, his bare allegations of undue burdensomeness resulting from being required to produce documents for a five-year rather than two-year period or being required to respond to more than a certain number of requests, would not have sufficed to show that he has no adequate remedy on appeal. *See Chamberlain v. Cherry*, 818 S.W.2d 201, 207 (Tex. App.—

Amarillo 1991, orig. proceeding) ("[A]ny party who seeks to exclude matters from discovery on grounds that the requested information is unduly burdensome, costly or harassing to produce, has the affirmative duty to plead and prove the work necessary to comply with discovery.") (citing *Independent Insulating Glass/Southwest v. Street*, 722 S.W.2d 798, 802 (Tex. App.—Fort Worth 1987, writ dism'd w.o.j.) (orig. proceeding)); *id.* ("Such evidence must show a particular, articulated and demonstrable injury; conclusory allegations are insufficient.") (citing *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987) (orig. proceeding)); s*ee also In re Mustang Asset Recovery, LTD.*, No. 05-19-01036-CV, 2019 WL 6649056, at *3 (Tex. App.—Dallas Dec. 6, 2019, orig. proceeding) (mem. op.) (attorney's argument at hearing was no substitute for evidence to show time, expense, or burden necessary to justify protective order).

For the reasons stated above, we deny Gaudet's petition for writ of mandamus.[7]

JEFF ALLEY, Chief Justice

April 30, 2024

Before Alley, C.J., Palafox, J., and Gabriel, J. (Ret.)
Gabriel, J. (Ret.), sitting by assignment

---

[7] Gaudet's emergency motion for immediate stay is denied as moot.